## MRS. BERTIE BRANCH v. MARGARET GRIFFIN SEITZ.

(Filed 4 November, 1964.)

**1. Appeal and Error § 41—**

The exclusion of evidence cannot be prejudicial when evidence of the same import is thereafter admitted.

**2. Evidence § 44—**

The trial court may permit a medical expert to give a qualified opinion.

**3. Appeal and Error § 12—**

After appeal, the case is no longer in Superior Court and it has no jurisdiction pending the appeal to hear motion for a new trial for newly discovered evidence.

**4. Trial § 49—**

A new trial for newly discovered evidence will not ordinarily be granted for evidence which is merely corroborative of the testimony at the trial.

**5. Same—**

In order to be entitled to a new trial for newly discovered evidence, movant must show that a different conclusion would probably have been reached if the evidence had been available at the trial.

APPEAL by plaintiff from *Riddle, S. J.,* February 1964 Civil Session of BURKE.

Plaintiff, a guest, was injured when riding to work with defendant. The journey started from defendant's home at the corner of White and Concord Streets in Morganton. White Street is 23 feet wide. It runs north and south. Concord runs east and west. The next street north of

Concord is Meeting House; the next north of that is Union. There is a sharp ridge at the intersection of White and Meeting House. Plaintiff was injured between 10:30 and 11:00 p.m. Defendant was driving.

Shortly after passing the intersection of White and Meeting House Streets, the right front wheel of defendant's car struck the curb. Defendant lost control. The car left the roadway and struck a telephone pole. Plaintiff's leg was injured by the collision.

Plaintiff bases her right to recover on allegations of unreasonable speed, and failure to keep a proper lookout, resulting in loss of control.

Defendant denied the charge of unreasonable speed. She alleges she was driving in her proper lane; cars were parked on the west side of White Street between Meeting House and Union Streets; shortly after she passed Meeting House Street, a car with blinding headlights came suddenly from behind one of the cars parked on the west side of White Street; this car came into her lane of travel, forcing her to pull to the right to avoid a head-on collision.

An issue based on plaintiff's allegations of negligence was submitted to a jury. It answered in the negative. Plaintiff moved to set the verdict aside. The motion was denied. Judgment was signed during the session that plaintiff take nothing. Plaintiff excepted and appealed.

*Russell Berry and Simpson & Simpson for appellant.*
*Patton, Ervin & Starnes for defendant appellee.*

PER CURIAM. Plaintiff, when asked how defendant drove, replied: "She started off at a high rate of speed." This answer was, on defendant's motion, stricken. Immediately thereafter, plaintiff testified, without objection, that defendant, when she crossed Meeting House Street, was driving between 50 and 55 miles per hour. Conceding, without deciding, the court erred, the error was harmless.

Plaintiff testified defendant was not confronted by an approaching car. On cross examination of plaintiff, she was asked about a written statement purportedly made by her on August 30, 1961. This statement detailed events leading to the collision. It negatives plaintiff's charge of excessive speed. It affirms defendant's assertion that she left the roadway to avoid a collision with an approaching car. The statement concludes: "I have read the above two page statement which is true and correct and I adopt said statement as my own." Then followed what purported to be plaintiff's signature. Plaintiff refused to admit or to deny the genuineness of the signature.

Defendant offered testimony from other witnesses that plaintiff, while a patient in the hospital for treatment the first time, stated that the collision was caused in the manner claimed by defendant.

Plaintiff attempted to explain her refusal to admit she signed the statement, and made the oral statement attributed to her by patients in the hospital, by asserting she was in such pain from the injuries and was so affected by drugs administered that she had no recollection of anything she said or did.

Plaintiff was hospitalized from August 23, 1961 to September 3, 1961 for treatment of the injuries caused by the collision. She was again admitted for skin grafting on September 18, 1961. She remained until October 18, 1961. Dr. Hairfield was the attending physician during the second admission.

The hospital records, showing the treatment given and drugs administered, were offered in evidence. Defendant then inquired of Dr. Hairfield, if the jury should find plaintiff was injured and treated as shown by the records, would such treatment, in his opinion, produce unconsciousness or lack of memory by plaintiff. The witness said: "It is sort of hard to answer that yes or no." The court then said: "You can answer it 'yes,' and then qualify it." Plaintiff objected. The objection was overruled. The witness answered: "I would have to qualify from the standpoint that I didn't actually see this particular patient; and from the standpoint that one patient may have a different reaction from medication from another; and that I would have to say that it is not to a particular patient, but in the average case or ordinary case similar to it that I could give you an opinion on it. My opinion on that would be that it would not be sufficient to be unconscious from it."

Plaintiff's argument that the court should not have permitted the witness to express a qualified opinion is without merit. Even if error be assumed, we cannot see how plaintiff was prejudiced by the answer.

At the March Session, plaintiff moved for a new trial for newly discovered evidence. The motion was supported by two affidavits tending to contradict defendant's testimony that she was confronted by an oncoming car. The motion was denied.

When plaintiff appealed to this Court, the Superior Court's jurisdiction terminated. Judge Riddle correctly refused to allow the motion for a new trial. *Clark v. Cagle*, 226 N.C. 230, 37 S.E. 2d 672; *Green v. Insurance Co.*, 233 N.C. 321, 64 S.E. 2d 162.

Plaintiff moves in this Court for a new trial for newly discovered evidence. The evidence on which she relies is the same relied on in the motion made in the Superior Court. What must be shown to justify this Court in awarding a new trial is stated in *Alexander v. Cedar Works,*

177 N.C. 536, 98 S.E. 780, cited by movant. We have examined the affidavits on which movant relies. They tend to corroborate plaintiff's testimony at the trial, and to that extent contradict defendant. A careful examination of the affidavits fails to convince us that the jury would probably have reached a different conclusion if the evidence had been available at the trial. Movant has failed to carry the burden. *Moore v. Stone Co.,* 251 N.C. 69, 110 S.E. 2d 459. The motion is denied.

No error.