EDWARD E. HORNE, ADMINISTRATOR OF THE ESTATE OF DOUGLAS EDWARD HORNE, PLAINTIFF APPELLEE v. MARTHA BAREFOOT TRIVETTE AND DEAN DEWITT TRIVETTE, DEFENDANT APPELLANTS

No. 8121SC1023

(Filed 6 July 1982)

1. **Automobiles and Other Vehicles §§ 56.2, 80— turning at crossover—stopping partially in lane of travel—negligence and contributory negligence**

    Plaintiff's evidence was sufficient for the jury on the issue of defendant's negligence and did not disclose contributory negligence by plaintiff's intestate as a matter of law where it tended to show that defendant slowed down and started to turn left into a median crossover which separated the northbound and southbound lanes of a four-lane highway, that she failed to complete the turn and stopped short, leaving from five to eight feet of the rear of her car in the left-hand lane of travel, and that plaintiff's intestate was killed when his loaded gravel truck struck the rear of defendant's car.

---

---

---

**2. Automobiles and Other Vehicles § 90.7— instructions on sudden emergency**

    The evidence was sufficient to justify the trial court's instructions on sudden emergency in an action to recover for the death of plaintiff's intestate who was killed when his loaded gravel truck struck the rear of an automobile operated by defendant which had stopped partially in the intestate's lane of travel at a crossover between the northbound and southbound lanes of a four-lane highway.

**3. Evidence § 42— shorthand statement of fact**

    Testimony by a witness that "the truck swerved to the right as much as he possibly could" did not invade the province of the jury but was admissible as a shorthand statement of fact.

**4. Rules of Civil Procedure § 59— failure of investigating officer to disclose eyewitness—no denial of fair trial**

    The trial court did not err in the denial of defendants' G.S. 1A-1, Rule 59(a)(1) motion for a new trial on the ground that they had been prevented from having a fair trial because the investigating officer failed to disclose the name of an eyewitness to the collision in question until the trial had started and because several witnesses who could have corroborated the eyewitness's account of the collision were not discovered until after trial since the eyewitness did testify in defendants' behalf, and it appeared that reasonable investigation efforts after the accident and after disclosure of the existence of the eyewitness would have produced the other individuals who could have substantiated the eyewitness's version of the accident.

APPEAL by defendants from *DeRamus, Judge.* Judgment entered 31 March 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 5 May 1982.

    This is an appeal from the judgment after a jury verdict of $150,000 for plaintiff in a wrongful death action. Plaintiff's intestate, hereafter referred to as Horne, was killed when his loaded gravel truck struck the rear of an automobile operated by defendant Martha Trivette stopped partially in a lane of traffic at a crossover on Interstate 85 near Lexington, North Carolina.

    Defendants denied negligence, alleged contributory negligence and counterclaimed for personal injuries and property damage.

## PLAINTIFF'S EVIDENCE

    The accident occurred at about 11:00 a.m. on 21 September 1978 on I-85 outside Lexington. The weather was clear and the road was dry. The accident took place at a crossover between the two northbound and two southbound lanes. Defendants' car

turned left into the crossover, with the rear of the car remaining several feet in the left-hand southbound lane. Horne was following defendants' car in the inside lane and after it turned, Horne applied the brakes and swerved to the right. There was traffic to his right in the outside southbound lane. The truck went out of control after striking the rear of defendants' car, crashed through a concrete railing on an overpass and landed cab first on the street below. The driver of a car which was between defendants' car and the truck saw the truck rapidly approaching behind him and steered his car into the grassy median to avoid being caught between the two vehicles. The crossover within the median was 23 feet long and defendants' car was 18 to 20 feet long. The witness Jim Russell testified that he was driving a gravel truck in front of Horne; that he swerved suddenly to avoid colliding with the Trivette car; that he observed the collision, stopped, and walked back to the scene, but that when he realized his friend Horne was dead, he left in a state of shock and did not report that he witnessed the collision.

### DEFENDANTS' EVIDENCE

The owner of a nearby service station testified that the truck driver blew his horn before hitting the car and that the car in the crossover had its left turn signal on. The defendant operator and her three passengers testified that the car pulled into the crossover as far as possible without being in danger of being hit by cars in the northbound lane. Defendant had been waiting for the northbound traffic to clear when Horne struck her. No one in the car was seriously injured.

*Whiting, Horton and Hendrick by T. Paul Hendrick and Hamilton C. Horton, Jr., for plaintiff appellee.*

*Bell, Davis & Pitt by William Kearns Davis for defendant appellants.*

CLARK, Judge.

[1]  Defendants argue that the court erred in denying their motions for directed verdict and judgment notwithstanding the verdict on the issues of defendant Martha Trivette's negligence and Horne's contributory negligence. They contend that the evidence did not show any actionable negligence by defendant which prox-

imately caused Horne's death, and that Horne's failure to keep a proper lookout caused the accident. The question presented by a defendant's motion for a directed verdict is whether the evidence, taken in the light most favorable to plaintiff, is sufficient for submission to the jury. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). Plaintiff's evidence tended to show that defendant slowed down, started to turn left into a median crossover which separated the four-lane highway but failed to complete the turn. She stopped short, leaving between five to eight feet of the rear of her car in the left-hand lane of travel. A person who drives a motor vehicle upon this State's highways must exercise reasonable care to ascertain that he can turn safely from a straight course of travel. G.S. 20-154; *Grimm v. Watson*, 233 N.C. 65, 62 S.E. 2d 538 (1950). The drivers of vehicles following defendant had the right to expect her to complete her turn and not stop short, blocking the flow of traffic in the left-hand lane. The evidence tends to show negligence on her part. Whether her negligence proximately caused Horne's death is a question for the jury. *Ervin v. Mills Co.*, 233 N.C. 415, 64 S.E. 2d 431 (1951). We find the evidence was sufficient to warrant submission of the issue of defendant's negligence to the jury and to overcome the motion for directed verdict.

Likewise, we find the court properly denied defendants' motion for a directed verdict on the contributory negligence issue. A directed verdict on the ground of contributory negligence will not be entered unless the evidence, taken in the light most favorable to plaintiff, so clearly establishes contributory negligence that no other reasonable inference or conclusion could be reached. *Clary v. Board of Education*, 286 N.C. 525, 212 S.E. 2d 160 (1975). The fact that the collision occurred is some evidence that Horne failed to keep a proper lookout, but it does not compel this conclusion. *Shay v. Nixon*, 45 N.C. App. 108, 262 S.E. 2d 294 (1980). We believe that reasonable men could form differing opinions on this issue based upon the evidence and particularly in light of the sudden emergency doctrine. This issue, as well as the preceding one, was to be resolved by the jury, and defendants' motions were properly denied.

[2] Defendants next argue that the doctrine of sudden emergency was inapplicable to this situation and that an instruction should not have been given on it. The doctrine applies in situa-

tions where defendant's negligence creates a sudden emergency and plaintiff's acts have not brought about or contributed to the emergency. Plaintiff is held to the standard of care of acting as a reasonably prudent man would under similar circumstances, not to a standard of selecting the wisest course of conduct when faced with the sudden emergency. *Barney v. Highway Comm.*, 282 N.C. 278, 192 S.E. 2d 273 (1972); *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785 (1962). There is evidence tending to show that Horne was confronted with a sudden emergency. It was for the jury to determine whether Horne contributed to the creation of the emergency and whether he acted as a reasonably prudent man would have acted when confronted with the obstruction caused by defendants' car. The trial court correctly instructed on the doctrine.

[3] Defendants assign as error the admission of testimony of Isaacs, an eyewitness, that "[t]he truck swerved to the right as much as he possibly could." They argue that this statement invaded the province of the jury and was objectionable because it was an opinion and conclusion of the witness. We believe that the statement was admissible as a "shorthand statement of the fact" since the witness Isaacs was testifying concerning the results of his observation of the events leading up to the accident. *State v. Bush*, 289 N.C. 159, 221 S.E. 2d 333, *death sentence vacated*, 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 46 (1976); 1 Stansbury's N.C. Evidence § 125 (Brandis rev. 1973). His observation concerned an action that Horne took to avoid the collision and was not a conclusion on the ultimate issue of Horne's contributory negligence. Isaacs expanded on this statement by also testifying that there was traffic in the right-hand lane, that defendants' car obstructed the left-hand lane, that he himself swerved to avoid an accident, and that he had a clear view of Horne's truck at the time of the accident. We overrule this assignment of error.

Nor do we find error in the trial court's summary of the evidence. The trial judge used the same format in summarizing both plaintiff and defendants' evidence and taken in context, the court did not err in characterizing the evidence "as tending to show" certain facts. This language does not express the court's opinion of the evidence. *Thompson v. Davis*, 223 N.C. 792, 28 S.E. 2d 556 (1944). We overrule this assignment of error.

[4]   Defendants' final argument is that the court erred in denying their motion for new trial. They seek a new trial on the basis of G.S. 1A-1, Rule 59(a)(1) which provides that a new trial may be granted for "[a]ny irregularity by which any party was prevented from having a fair trial." They submit that they were denied a fair trial because the investigating officer withheld the name of the service station operator, Hinson, until the trial had started; several witnesses who could have corroborated Hinson's account of the accident were not discovered until after the trial; Russell failed to state in his deposition that he had reported the accident to his employer on that date; and other material conflicts between Russell's deposition and his trial testimony.

Despite the withholding of Hinson's name from defense counsel, Hinson did testify in defendants' behalf, and it would appear that reasonable investigation efforts after the accident and after disclosure of Hinson's existence would have produced the other individuals who could have substantiated Hinson's version of the accident. Every witness except Russell testified that there was only one dump truck traveling along the highway prior to the accident. We are not convinced that the testimony of two men who did not witness the impact but arrived immediately after the accident at the scene could affect the jury verdict. Evidence which is merely corroborative or cumulative of evidence offered at trial or which contradicts evidence of the opposing party is insufficient to warrant granting a new trial. *Branch v. Seitz*, 262 N.C. 727, 138 S.E. 2d 493 (1964).

The changes in Russell's testimony in the deposition and at trial affect his credibility, and it was for the jury to determine whether they believed his inconsistent testimony. Defense counsel conducted extensive impeachment of the witness by using his deposition testimony. A motion to set aside the verdict and order a new trial is addressed to the discretion of the trial judge. His ruling is not reviewable on appeal, absent a showing of abuse of discretion. *Hamlin v. Austin*, 49 N.C. App. 196, 270 S.E. 2d 558 (1980). Judge DeRamus presided over both the trial and at the hearing on the motion for a new trial. Affidavits were presented by both parties at the hearing, and the court heard argument of counsel. Defendants have presented no compelling arguments showing they are entitled to a new trial. Based upon the record,

we find no abuse of discretion by the trial judge in refusing defendants' motion for new trial.

No error.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.