ROBERT C. DUNN v. SHIRLEY T. HARRIS

No. 8518SC1317

(Filed 3 June 1986)

**1. Malicious Prosecution § 13.2— insufficient evidence of malice and absence of probable cause**

Plaintiff's evidence was insufficient to show that defendant maliciously and without probable cause initiated an earlier action in which she claimed an interest in land purchased by plaintiff on the ground that her signature on the 1973 deed to plaintiff's grantor was forged where it tended to show only that defendant discovered the alleged forgery in 1976; she and her attorney knew that plaintiff was going to buy the land but failed to inform plaintiff of her claim to a one-eighth interest in the land; defendant thought plaintiff might have been a middleman purchasing the land for her ex-husband; and even though defendant knew of other forged deeds, she had not brought actions against the owners of those properties. Defendant had no duty to inform plaintiff of her claim prior to his purchase of the land, and the fact that she instituted an action to obtain her interest in this property and not in the other properties does not show the requisite malice.

**2. Malicious Prosecution § 13— voluntary dismissal without prejudice—no basis for malicious prosecution**

Defendant's taking of a voluntary dismissal without prejudice after she learned her claim was barred by the statute of limitations may not be the basis of a malicious prosecution claim.

APPEAL by defendant from *Friday, Judge*. Judgment entered 10 July 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 April 1986.

In June 1979 Robert Dunn purchased two tracts of land containing 16.548 acres and 6.513 acres respectively from Brown Investment Properties, Inc. Dunn purchased the land, which was

located between Interstate 85 and Interstate 40, in order to move his automobile dealership from a leased facility in downtown Greensboro to the new location. If Dunn had been able to move to the new location he would have collected approximately $232,000 in relocation and rental subsidy bonuses.

On 11 August 1980, Shirley T. Harris brought a declaratory judgment action claiming a 1/8 interest in the 6.513 acre tract of land. She based her claim upon the alleged forgery of her signature to a 26 October 1973 deed which conveyed the property to Brown Investment Properties, Inc. During a deposition of Ms. Harris it was determined that she became aware of the alleged forgery in 1976. Based in part upon this revelation a motion for summary judgment was filed against Ms. Harris. On 13 November 1981, the date the motion was scheduled to be heard, Ms. Harris took a voluntary dismissal without prejudice of her declaratory judgment action. During the year in which there was a possibility that the suit would be refiled, Dunn was unable to get financing to build a building for his new dealership. During the year following the dismissal, Dunn's lease expired and he was forced to buy a smaller facility. When he moved to the smaller facility he lost the rental subsidy and relocation bonuses he had been promised by Ford Motor Company.

On 22 January 1982, Dunn filed this action, a malicious prosecution suit, against Ms. Harris. Following a trial a jury found that Ms. Harris was guilty of malicious prosecution in the institution of the prior declaratory judgment action. The jury further found that Dunn was entitled to $175,000 in compensatory and $75,000 in punitive damages. From a judgment entered on the verdict, defendant appealed.

*Rivenbark & Kirkman, by James B. Rivenbark, John W. Kirkman, Jr. and Rodney D. Tigges, for plaintiff appellee.*

*Allman, Spry, Humphreys & Armentrout, by James W. Armentrout, for defendant appellant.*

ARNOLD, Judge.

The issue dispositive of this appeal is whether the trial court erred in denying defendant's motion for a directed verdict at the close of all the evidence. We believe that defendant's motion

should have been allowed. Thus, we reverse the judgment of the trial court.

The question presented by the defendant's motion for a directed verdict is whether the evidence, when considered in the light most favorable to plaintiff, is sufficient to submit the case to the jury. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971); *Horne v. Trivette*, 58 N.C. App. 77, 293 S.E. 2d 290, *disc. rev. denied*, 306 N.C. 741, 295 S.E. 2d 759 (1982). "To recover for malicious prosecution the plaintiff must show that defendant initiated the earlier proceeding, that he did so maliciously and without probable cause and that the earlier proceeding terminated in plaintiff's favor." *Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E. 2d 611, 625 (1979). To recover for malicious prosecution in civil cases plaintiff also must show special damages such as substantial interference with either his person or property. *Id.* at 203, 254 S.E. 2d at 625.

Defendant argues that she was entitled to a directed verdict because *inter alia* plaintiff failed to offer any evidence that she initiated the earlier proceeding maliciously and without probable cause. The malice necessary to support a claim for malicious prosecution is not express or particular malice such as ill will, grudge or a desire for revenge, but is rather general malice which consists of a wrongful act done intentionally, and without excuse or just cause. Byrd, *Malicious Prosecution in North Carolina*, 47 N.C. L. Rev. 285, 302 (1969). *See also, Gaither v. Carpenter*, 143 N.C. 240, 55 S.E. 625 (1906). Malice has also been found when the earlier proceeding was begun primarily for a purpose other than the adjudication of the claim in suit and where the defendant's conduct is a clear abuse of defendant's position of power or an exploitation of the plaintiff's position of weakness. W. Keeton, *Prosser and Keeton on Torts* § 120 (5th Edition 1984).

[1]   The only evidence to which plaintiff can point to show that the earlier proceeding was *initiated* maliciously and without probable cause is that the defendant discovered the alleged forgeries in 1976; that she and her attorney knew before plaintiff bought the property that he was going to buy the property but failed to inform him of her claim to a one-eighth (1/8) interest in the property; that she thought he might have been a middleman purchasing the property for her ex-husband, and that even though she

knew of other forged deeds, she had not brought actions against the owners of those properties. We hold that this evidence is insufficient to support a finding that the defendant initiated the earlier proceeding maliciously and without probable cause. The defendant had no duty to inform the plaintiff of her claim prior to his purchase of the property. Furthermore, the fact that she instituted an action to obtain her interest in this property and not the other properties does not show the requisite malice. We find no evidence in the record that would support a finding that the action was instituted without probable cause.

[2] Finally, the defendant's actions in taking the voluntary dismissal without prejudice after she learned her claim was barred by the statute of limitations may have subjected her to liability for damages under a theory of abuse of process. *See, Stanback,* 297 N.C. at 200, 254 S.E. 2d at 624. *See also* Byrd, *supra.* However, these actions may not be used to support the malicious prosecution claim, and an abuse of process claim was not submitted to the jury. Thus, we hold the trial court erred in failing to grant a directed verdict in favor of defendant at the close of all the evidence.

Reversed.

Judges WHICHARD and JOHNSON concur.