RONALD STIKELEATHER v. BILLY JOE WILLARD

No. 8621SC320

(Filed 7 October 1986)

**Malicious Prosecution § 8— complaint based on prior civil suit—failure to allege special damage**

Plaintiff's complaint failed to state a claim for malicious prosecution based on a prior civil suit for alienation of affections and criminal conversation where it contained no allegation of a substantial interference with either plaintiff's person or property as contemplated by the special damage requirement for such a claim. Plaintiff's allegations that he suffered injury to his reputation, embarrassment, loss of work and leisure time and that he has incurred expenses in defending the prior civil suit were insufficient to meet the special damage requirement.

APPEAL by plaintiff from *Walker, Judge.* Order entered 5 November 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 September 1986.

This is a civil action seeking damages for malicious prosecution and libel. On 24 January 1984 defendant Willard filed a complaint against plaintiff Stikeleather for alienation of affection and criminal conversation seeking $400,000.00 in actual and punitive damages and $15,000.00 in attorneys fees. On 5 November 1984 Willard took a voluntary dismissal without prejudice pursuant to G.S. 1A-1, Rule 41(a). On 24 January 1985 plaintiff Stikeleather filed this action seeking redress for the alienation of affection and criminal conversation action brought against him by Willard. Defendant Willard moved to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to G.S. 1A-1, Rule 12(b)(6). The trial court granted defendant's motion and plaintiff appeals.

*William L. Durham, for plaintiff-appellant.*

*Alexander, Wright & Parrish, by Carl F. Parrish for defendant-appellee.*

EAGLES, Judge.

By his sole assignment of error, plaintiff contends that the trial court erred in dismissing his claim for malicious prosecution pursuant to G.S. 1A-1, Rule 12(b)(6). We disagree.

In an action for malicious prosecution the plaintiff must show that the defendant initiated the earlier proceeding, maliciously and without probable cause, and that the earlier proceeding terminated in plaintiff's favor. *Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979). When plaintiff's claim for malicious prosecution is based on a prior civil proceeding against him, plaintiff must also show "that there was some arrest of his person, seizure of his property, or some other element of special damage resulting from the action such as would not necessarily result in all similar cases." *Id.* at 203, 254 S.E. 2d at 625.

The motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) tests the sufficiency of the complaint. In ruling on the motion the court must determine, as a matter of law, whether the allegations state a claim for which relief may be granted. *Stanback, supra.* "[A] complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 297 N.C. at 185, 254 S.E. 2d at 615.

Defendant challenged the complaint based on the absence of the special damages element in plaintiff's complaint. Plaintiff contends in his brief that in a malicious prosecution action the real issue is not whether plaintiff's damages are "special," but instead, whether the defendant's former lawsuit was filed "maliciously and without probable cause." In following our Supreme Court's decision in *Stanback, supra,* we must disagree with plaintiff's contentions. The Court in *Stanback* stated that the requirement that a plaintiff show some special damage resulting from a prior lawsuit filed against him "is an essential, substantive element of the claim." *Id.* at 204, 254 S.E. 2d at 626. A complaint must state enough to give the substantive elements of at least some legally recognizable claim and "[w]here the special damage is an integral part of the claim for relief, its insufficient allegation could provide the basis for dismissal under Rule 12(b)(6)." *Id.* Some examples of special damage listed by the Court in *Stanback* include substantial interference with plaintiff's person or property causing execution or an injunction to be issued, a receiver to be appointed, plaintiff's property to be attached or causing plaintiff to be wrongfully committed to a mental institution or to be brought before an administrative board losing his license to sell real estate. *Id.* at 203, 254 S.E. 2d at 625.

Here, plaintiff's complaint fails to allege anything that could be construed as special damages. Plaintiff alleges that he suffered injury to his reputation, embarrassment, loss of work and leisure time and that he has incurred expenses in defending the claim. These allegations fail to allege any substantial interference with either plaintiff's person or property as contemplated by the special damages requirement. As a result, the trial court may properly dismiss plaintiff's complaint for failure to state a claim for which relief can be granted. *Stanback, supra.*

At oral argument plaintiff argued that because of the inherently scurrilous nature of the allegations raised in a complaint for alienation of affection and criminal conversation, the tort necessarily carries with it special damages not peculiar to the ordinary lawsuit. We recognize that the particularly devastating nature of allegations of this sort are unlike the kinds of damages suffered by a defendant in any other type of lawsuit. Were we writing on a blank slate without the guidance of the Supreme Court in *Stanback*, we might well be persuaded by plaintiff's logic. Here, however, we are bound by the mandate of our Supreme Court and believe that the rules announced in *Stanback* and its progeny requiring sufficient allegations of special damages control here.

Affirmed.

Judges WEBB and BECTON concur.