JANET RUTH BROWN v. ELBERT FERRELL BROWN

No. 9127DC647

(Filed 19 November 1991)

**Divorce and Separation § 263 (NCI4th) — alimony — post-separation failure to support dependent spouse — evidence sufficient for jury**

The trial court did not err by denying defendant's motions for a judgment n.o.v. and a new trial in an action for permanent alimony where the jury found that defendant did not abandon plaintiff or offer indignities against her, but found that defendant willfully failed to provide plaintiff with necessary subsistence according to his means and condition so as to render plaintiff's condition intolerable and her life burdensome, and the court awarded plaintiff permanent alimony. There was sufficient evidence to submit to the jury; absent a valid separation agreement waiving all alimony rights under N.C.G.S. § 50-16.6(b), post-separation failure to provide a dependent-spouse with necessary subsistence gives rise to an action for alimony. N.C.G.S. § 50-16.2(10).

**Am Jur 2d, Divorce and Separation § 626; Husband and Wife §§ 387, 389, 390.**

APPEAL by defendant from judgment entered 30 January 1991 in GASTON County District Court by *Judge Larry B. Langson.* Heard in the Court of Appeals 15 November 1991.

*Kelso & Ferguson, by Lloyd T. Kelso, for plaintiff-appellee.*

*Frank Patton Cooke for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment entered 30 January 1991 awarding plaintiff permanent alimony. He assigns error to the trial court denying his motions for judgment notwithstanding the verdict and a new trial.

Plaintiff instituted this action seeking a divorce from bed and board, alimony *pendente lite*, custody of the two minor children born to the marriage, and permanent alimony. Plaintiff alleged in her complaint that defendant abandoned her, committed adultery, and refused to provide adequate financial support for her during the period of their separation. Defendant answered, denying the allegations of fault and seeking a divorce from bed and board. On 6 December 1988, the trial court entered an order awarding plaintiff custody of the children, and ordering, *inter alia*, defendant to pay child support and alimony *pendente lite*. A judgment of absolute divorce was entered on 6 October 1989. A hearing on plaintiff's claim for permanent alimony was held and on 28 November 1990, the jury returned answers to the three issues addressing the fault grounds alleged by plaintiff. The jury found (1) that defendant did not willfully abandon plaintiff without just cause or provocation; (2) that defendant did not, without provocation, offer such indignities to plaintiff as to render her life intolerable; and (3) that defendant willfully failed to provide plaintiff with necessary subsistence according to his means and condition so as to render plaintiff's condition intolerable and her life burdensome. After the jury returned the verdict, defendant moved for a judgment notwithstanding the verdict and a new trial. The trial court denied defendant's motions, and on 30 January 1991 entered its judgment awarding plaintiff permanent alimony.

---

The issue is whether post-separation failure to support a dependent-spouse constitutes a ground for alimony under N.C.G.S. § 50-16.2(10) (1987).

Defendant's sole contention on appeal is that the trial court erred by denying his motions for a judgment notwithstanding the verdict and for a new trial. Defendant argues that because the jury found that defendant did not abandon plaintiff or offer indignities against her, the jury "obviously found the Plaintiff to be at fault for bringing this marriage to an end." He then concedes that defendant failed to support plaintiff after the separation but

claims that this was justified because plaintiff wrongfully ended the marriage.

A motion for a judgment notwithstanding the verdict is essentially the renewal of an earlier motion for directed verdict. *Henderson v. Traditional Log Homes, Inc.*, 70 N.C. App. 303, 319 S.E.2d 290, *disc. rev. denied*, 312 N.C. 622, 323 S.E.2d 923 (1984). Thus, the rules regarding the sufficiency of the evidence to go to the jury are equally applicable to a motion for a judgment notwithstanding the verdict. *Id.* In ruling upon a defendant's motion for a judgment notwithstanding the verdict, the evidence is to be considered in the light most favorable to the plaintiff, and the plaintiff is entitled to all reasonable inferences that can be drawn from that evidence. *Smith v. Price*, 315 N.C. 523, 340 S.E.2d 408 (1986). The question presented by a defendant's motion is whether the plaintiff's evidence was sufficient for submission to the jury. *Morrison v. Concord Kiwanis Club*, 52 N.C. App. 454, 279 S.E.2d 96, *disc. rev. denied*, 304 N.C. 196, 285 S.E.2d 100 (1981). When a motion for a judgment notwithstanding the verdict is joined with a motion for a new trial, the trial court has a duty to rule on both motions. *Graves v. Walston*, 302 N.C. 332, 275 S.E.2d 485 (1981). The denial of a motion in the alternative for a new trial lies within the discretion of the trial judge and the decision will not be disturbed absent a showing of a clear abuse of discretion. *Coppley v. Carter*, 10 N.C. App. 512, 179 S.E.2d 118 (1971).

After reviewing the evidence in this case, we believe that it was sufficient for submission to the jury. Plaintiff testified that defendant, after leaving the marital home on 25 June 1988, continued to send her most of his weekly pay for approximately two months. Defendant told her that he would support her until the end of August at which time he would cut off all of her support. Plaintiff was unemployed at the time and was attempting to get disability benefits. She stated that she had been relying solely on defendant for money and that she had no other source of income. Plaintiff testified that she needed money to buy food and to pay for the mobile home where she and the two minor children resided. She also testified that when defendant left the home, he was working at United Spinners. After separation, defendant lived with his father and gave plaintiff $300.00 per week which was all but about $50.00 of his paycheck. Plaintiff testified and defendant admitted on cross-examination that he did not support plaintiff after the end of August, 1988. This is sufficient evidence to submit to the

jury on the issue of whether defendant willfully failed to provide plaintiff with necessary subsistence according to defendant's means and condition during the period of their separation so as to render the condition of plaintiff intolerable and her life burdensome. N.C.G.S. § 50-16.2(10). Absent a valid separation agreement waiving all alimony rights under N.C.G.S. § 50-16.6(b) (1987), post-separation failure to provide a dependent-spouse with necessary subsistence gives rise to an action for alimony. *Cf. Adams v. Adams*, 92 N.C. App. 274, 278-79, 374 S.E.2d 450, 452-53 (1988) (adultery during .period of separation is ground for alimony). Defendant's argument that the jury, by its answers, necessarily found that plaintiff was the party at fault, is without merit. Furthermore, defendant has shown no abuse of discretion by the trial court in denying his motion for a new trial. Accordingly, the judgment of the trial court is

Affirmed.

Judges WELLS and PARKER concur.