AYSCUE v. WELDON

[118 N.C. App. 636 (1995)]

BROOKS AYSCUE, JR., ADMINISTRATOR OF THE ESTATE OF VINCENT ALLEN AYSCUE, PLAINTIFF V. MARSHALL T. WELDON, DEFENDANT

No. 949SC646

(Filed 2 May 1995)

## Automobiles and Other Vehicles § 623 (NCI4th)— automobile accident involving alcohol—no contributory negligence of passenger

There was no merit to defendant's argument that plaintiff's allegation that defendant was under the influence of alcohol while he was operating a truck in which plaintiff's intestate was a passenger constituted an assertion that the passenger was contributorily negligent, since plaintiff's allegation merely constituted a binding admission that defendant was under the influence of alcohol, not that the passenger knew that defendant was under the influence of alcohol at the time he rode with defendant; moreover, the evidence did not establish the passenger's contributory negligence so clearly that no other reasonable inference or conclusion could be drawn therefrom where the evidence showed that the passenger knew that defendant had been drinking earlier in the evening, but did not establish that he knew defendant was under the influence of alcohol.

### Am Jur 2d, Automobiles and Highway Traffic § 606.

### Passenger's liability to vehicular accident victim for harm caused by intoxicated motor vehicle driver. 64 ALR4th 272.

Appeal by defendant from judgment entered 6 December 1993 and order entered 14 January 1994 by Judge J. Milton Read, Jr. in Vance County Superior Court. Heard in the Court of Appeals 21 March 1995.

*Steven E. Hight and Steven H. McFarlane for plaintiff-appellee.*

*Thompson, Barefoot & Smyth, L.L.P., by Theodore B. Smyth, for defendant-appellant.*

WALKER, Judge.

Plaintiff, administrator of the estate of Vincent Allen Ayscue, sued defendant for wrongful death of his intestate. The complaint alleges

that on 12 May 1989, defendant was driving a pickup truck along U.S. Highway #1 while under the influence of alcohol when he lost control of the truck, ran off the road, turned over and struck a rock. The complaint further alleges that defendant was negligent and that as a direct and proximate result of his negligence, the deceased suffered serious bodily injuries from which he died.

Defendant answered, alleging as defenses that the deceased, Vincent Allen Ayscue, was driving the truck and thus his death was caused by his own negligence and that if defendant is shown to have caused or contributed to plaintiff's injuries and damages, Vincent was contributorily negligent.

The evidence at trial showed that on 12 May 1989 defendant drove Vincent Allen Ayscue and Michael Edwin Jackson (Mickey) from Henderson to Raleigh. The three men stopped to purchase a six-pack of beer, which defendant and Mickey drank along the way. When they arrived in Raleigh, the men stopped at a club called the Foxy Lady for about thirty minutes to an hour. During this time, they sat at the same table and drank beer. Defendant testified that he drank three or four beers on the way to Raleigh and two to three beers while at the Foxy Lady.

Their next stop was a club called the Longbranch. While at the Longbranch, they went separate ways. They stayed until closing time and then left together to go to Your House restaraunt to eat. Mickey testified that when they left the Longbranch he was intoxicated and defendant was in "about the same shape I was." Defendant testified that he was drunk and "was staggering, stuttering, and stuff like that." The men walked a distance of at least a hundred yards from the Longbranch to the truck. Mickey passed out while sitting in the passenger side of the truck.

Jamie Lawrence French, an acquaintance of Vincent, was eating at Your House restaurant when he saw the pickup truck drive into the parking lot. French went over to talk to Vincent when he was eating. He noticed that Vincent and the defendant appeared to have been drinking. However, they did not "seem out of the way at all."

Vincent and defendant stayed at Your House for about thirty to forty minutes and then left the restaurant to drive back to Henderson. French watched them walk to the truck. He saw Vincent get in on the passenger side and defendant get in on the driver's side.

On cross examination, French admitted that he previously testified that in his opinion both of the men were drunk and that when he approached Vincent and defendant, he said something to the effect that "You all had had a little bit to drink, hadn't you." French also admitted that he was concerned enough about the condition of Vincent and defendant that he specifically told Vincent, "You guys need to be careful. They're [sic] a lot of highway patrol officers out there."

The men were three miles south of Henderson on U.S. 1 when the wreck occurred. Highway troopers Larry A. Parker and B.G. Brooks arrived at the scene. Trooper Brooks questioned Mickey and defendant separately. Both stated that they were sitting in the middle of the truck at the time of the accident and that Vincent was driving. Defendant was taken to the hospital and later questioned by Trooper Brooks. Parker, who was present during the questioning, testified that he noticed a strong odor of alcohol on defendant and that in his opinion defendant was impaired.

Defendant moved for a directed verdict at the close of the evidence, which was denied. The jury found that defendant was driving the truck at the time of the accident, that Vincent died as a result of defendant's negligence, and that Vincent was not contributorily negligent. Defendant then moved for judgment notwithstanding the verdict on the ground that the evidence established that Vincent was contributorily negligent as a matter or law, and in the alternative, for a new trial. Both motions were denied.

Defendant first argues that plaintiff's allegation that defendant was under the influence of alcohol while he was operating the truck constitutes an assertion that Vincent was contributorily negligent. This argument is without merit. To succeed on his claim of contributory negligence, defendant must prove that "(1) the driver was under the influence of an intoxicating beverage; (2) the passenger knew or should have known that the driver was under the influence of an intoxicating beverage; and (3) the passenger voluntarily rode with the driver even though [he or she] knew or should have known that the driver was under the influence of an intoxicating beverage." *Watkins v. Hellings*, 321 N.C. 78, 80, 361 S.E.2d 568, 569 (1987). Plaintiff's allegation merely constitutes a binding admission that defendant was under the influence of alcohol, not that Vincent knew that defendant was under the influence of alcohol at the time he rode with defendant. *See Kinney v. Baker*, 82 N.C. App. 126, 130, 345 S.E.2d 441, 444,

*cert. denied*, 318 N.C. 416, 349 S.E.2d 597 (1986) (allegation that defendant operated car with a blood alcohol level of greater than .10 percent does not establish that the deceased knew when he rode with defendant that defendant was intoxicated and merely establishes that at time of accident defendant's blood alcohol level exceeded legal limit). Moreover, when plaintiff alleged in the complaint that defendant was under the influence of alcohol, he had the benefit of Trooper Parker's investigation. Trooper Parker was of the opinion that defendant was impaired by reason of a strong odor of alcohol and by his manner of speech.

Defendant further argues that the uncontradicted evidence shows that Vincent was contributorily negligent as a matter of law and thus his motions for directed verdict and judgment notwithstanding the verdict should have been granted. We disagree.

A motion for directed verdict tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the nonmoving party. *Harshbarger v. Murphy*, 90 N.C. App. 393, 368 S.E.2d 450 (1988). A motion for judgment notwithstanding the verdict is merely a renewal of the motion for a directed verdict. The tests for determining the sufficiency of the evidence on these motions are the same. *DeHart v. R/S Financial Corp.*, 78 N.C. App. 93, 98-99, 337 S.E.2d 94, 98, *disc. review denied*, 316 N.C. 376, 342 S.E.2d 893 (1985). A directed verdict for defendant on the ground of contributory negligence may only be granted when the evidence, taken in the light most favorable to the plaintiff, establishes contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. *Horne v. Trivette*, 58 N.C. App. 77, 80, 293 S.E.2d 290, 292, *disc. review denied*, 306 N.C. 741, 295 S.E.2d 759 (1982). "Ordinarily, the question of contributory negligence of a guest in an automobile is for the jury to determine in the light of the facts and circumstances of the case." *Harrington v. Collins*, 40 N.C. App. 530, 532, 253 S.E.2d 288, 289, *affirmed*, 298 N.C. 535, 259 S.E.2d 275 (1979).

We cannot say that the evidence establishes Vincent's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom and thus decline to disturb the jury's verdict. The evidence shows that defendant drank at least five beers in Vincent's presence before going to the Longbranch. They did not stay together at the Longbranch, but instead separated until closing time. Afterwards, they stopped by Your House for at least thirty min-

utes. While there, they were seen by French, who noticed that they had been drinking a little but did not "seem out of the way at all." The evidence, which shows that Vincent last saw defendant consume alcoholic beverages earlier in the evening at the Foxy Lady, does not establish that Vincent knew defendant was under the influence. At most, it merely establishes that Vincent knew defendant was drinking.

Finally, we consider the denial of defendant's motion for a new trial. "The denial of a motion in the alternative for a new trial lies within the discretion of the trial judge and will not be disturbed absent a showing of a clear abuse of discretion." *Brown v. Brown,* 104 N.C. App. 547, 549, 410 S.E.2d 223, 225 (1991), *cert. denied,* 331 N.C. 383, 417 S.E.2d 789 (1992). We find no abuse of discretion.

No error.

Judges EAGLES and MARTIN, JOHN C. concur.