TYSON, Judge.
 

 *368
 
 Robert Fuhs, Sr. ("Plaintiff") appeals from: (1) order allowing Constance C. Moore's ("Defendant Moore") and Legal Aid of North Carolina, Inc.'s (collectively, "Defendants") motion to dismiss Plaintiff's malicious prosecution claim; and (2) order allowing Defendants' motion for summary judgment challenging Plaintiff's abuse of process claim. We affirm.
 

 I. Factual Background
 

 Plaintiff and Summer Fuhs ("Summer") were married on or about 1 May 2004, and lived in Guilford County, North Carolina. Two children were born of the marriage: a son, R.F., and a daughter, B.F. On or about 1 August 2012, Summer left the marital residence due to her "illicit sexual affair" with Doug Posey ("Posey"), a man she had met on a social media site, Facebook, and who lived in Macon County, North Carolina. A 10 August 2012 consent order confirmed Plaintiff and Summer agreed Plaintiff would have physical custody of both R.F. and B.F.
 

 Much of Plaintiff's complaint describes numerous false allegations Summer and Posey made against Plaintiff prior to Defendants' involvement in this case. According to the complaint, the false allegations asserted by Summer and Posey included: (1) three reports to the Guilford County Department of Social Services ("DSS"), accusing Plaintiff of child neglect, alcoholism, and violence toward the minor children; one report also alleged Plaintiff's 15-year-old son from a previous marriage had engaged in "inappropriate sexual behaviors" with B.F.; (2) two attempted arrests, including one allegation of indecent liberties with his own daughter, B.F.; and (3) three actual arrests: one for aggravated assault on a female, one for communicating threats, and one for violation of a 50B Domestic Violence Protection Order.
 

 *369
 
 All reports to DSS were investigated, returned as unfounded, and closed. All criminal charges were dismissed or resulted in verdicts of not guilty. Relevant portions of the above referenced allegations are presented in more detail as they relate to Defendants' involvement in this case.
 

 A. Domestic Violence Complaint and Defendant's Involvement
 

 On 26 June 2013, Summer "place[d] a 50B charge" against Plaintiff in Macon County (the "DVPO Case"). On 30 June 2013, Summer's grandmother posted a picture of B.F.
 

 *387
 
 on Facebook, and Plaintiff posted a public comment on the picture. As a result of Plaintiff's comment, Summer had Plaintiff arrested for violation of the 26 June 2013 domestic violence protection order. These charges were "immediately dismissed" by the Macon County District Attorney.
 

 On 9 August 2013, Summer called the Macon County Sheriff's Department and alleged Plaintiff had engaged in inappropriate sexual conduct. According to Summer's allegations, Plaintiff, while intoxicated, made B.F. remove her clothes and he touched B.F. inappropriately. The Sheriff's Department investigated and concluded the allegations were unfounded, but nonetheless referred the case to DSS. DSS, in turn, conducted interviews and similarly concluded the allegations were unfounded.
 

 On 15 August 2013, while Plaintiff was in Macon County defending the alleged violation of the 50B order, Plaintiff was served with a "First Amended Complaint Motion for Domestic Violence Order" (the "Amended Complaint") in the DVPO Case. The Amended Complaint was prepared by Defendant Moore in her capacity as Summer's attorney. At the time, Defendant Moore was serving as a staff attorney for Legal Aid of North Carolina, Inc. The second paragraph of the Amended Complaint drafted by Defendant Moore and signed by both Defendant Moore and Summer stated:
 

 On August 2, 2013, the minor child [B.F.], age 5, revealed to a Franklin Police Office [sic], Tony Hopkins, that when [Plaintiff] becomes intoxicated he takes [B.F.'s] pants off and touches her vaginal area. The minor child, [R.F.], age 8, has observed [Plaintiff] engaging in this behavior. These allegations are under investigation by [DSS]. Both children are afraid of retaliation from [Plaintiff] because of their statements.
 

 *370
 
 Much of this allegation was repeated in a document entitled " Supplemental Pleading for [Summer's] Motion for Emergency Custody and Motion to Modify and Motion to Continue" ("Supplemental Pleading"), which was filed on 19 August 2013 in the pending child custody case between Plaintiff and Summer (the "Child Custody Case"). On 11 September 2013, a "Temporary Memorandum of Judgment/Order Without Prejudice" was filed in the Child Custody Case, and stated "that pending the DSS investigation [into Summer's 9 August 2013 allegations], [Summer] will have temporary custody" of R.F. and B.F.
 

 After receiving the Amended Complaint, Plaintiff called Franklin Police Department Officer Tony Hopkins ("Officer Hopkins") to discuss the allegations made therein. During the course of their conversation, Officer Hopkins revealed to Plaintiff that B.F. had never made the allegations to him as was stated in the Amended Complaint. Defendant Moore later revealed she made no independent investigation and relied solely on Summer's statements in drafting the second paragraph of the Amended Complaint. On 24 October 2014, the DVPO Case against Plaintiff was dismissed.
 

 Plaintiff filed the present lawsuit against Summer and Defendants in Guilford County Superior Court. Plaintiff alleged claims against each defendant of: (1) malicious prosecution; (2) abuse of process; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) libel
 
 per se;
 
 and (6) slander
 
 per se.
 
 On 1 October 2014, the Guilford County Clerk of Superior Court entered default against Summer for failure to answer, plead, or otherwise appear in the lawsuit within the time permitted. Summer is not a party to this appeal.
 

 Defendants filed an answer on 10 September 2014 and alleged Plaintiff's complaint failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 20 January 2015, the trial court allowed Defendants' motion to dismiss Plaintiff's claims for malicious prosecution and negligent and intentional infliction of emotional distress, but denied the motion to dismiss as to the abuse of process, libel and slander
 
 per se
 
 claims.
 

 The case proceeded to discovery on Plaintiff's remaining claims. On 8 June 2015, the trial court granted Defendants' motion for summary judgment on all of Plaintiff's remaining
 
 *388
 
 claims. Plaintiff gave timely notice of appeal on 22 June 2015.
 
 *371
 

 II. Issues
 

 Plaintiff argues the trial court erred by: (1) allowing Defendants' motion to dismiss his claim of malicious prosecution; and (2) allowing Defendants' motion for summary judgment on his claim of abuse of process. Plaintiff has not asserted any argument regarding his other dismissed claims for negligent and intentional infliction of emotional distress, libel
 
 per se
 
 or slander
 
 per se.
 
 The trial court's orders are final concerning those claims.
 

 III. Malicious Prosecution
 

 Plaintiff first argues the trial court erred in allowing Defendants' motion to dismiss his claim for malicious prosecution. We disagree.
 

 A. Standard of Review
 

 When we review the trial court's ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure,
 

 the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.
 

 Holleman v. Aiken,
 

 193 N.C.App. 484
 
 , 491,
 
 668 S.E.2d 579
 
 , 584-85 (2008) (citation and quotation marks omitted). The Court considers Plaintiff's complaint "to determine whether, when liberally construed, it states enough to give the substantive elements of a legally recognized claim."
 
 Governors Club, Inc. v. Governors Club Ltd. P'ship,
 

 152 N.C.App. 240
 
 , 246,
 
 567 S.E.2d 781
 
 , 786 (2002) (internal citations omitted),
 
 aff'd per curiam,
 

 357 N.C. 46
 
 ,
 
 577 S.E.2d 620
 
 (2003).
 

 Dismissal is warranted "(1) when the face of the complaint reveals that no law supports plaintiffs' claim; (2) when the face of the complaint reveals that some fact essential to plaintiffs' claim is missing; or (3) when some fact disclosed in the complaint defeats plaintiffs' claim."
 
 Walker v. Sloan,
 

 137 N.C.App. 387
 
 , 392,
 
 529 S.E.2d 236
 
 , 241 (2000) (citation and quotation marks omitted).
 

 The complaint is reviewed in the light most favorable to the non-moving party.
 

 *372
 

 Ford v. Peaches Entm't Corp.,
 

 83 N.C.App. 155
 
 , 156,
 
 349 S.E.2d 82
 
 , 83 (1986). "[T]he trial court regards all factual allegations of the complaint as true. Legal conclusions, however, are not entitled to a presumption of truth."
 
 Walker,
 

 137 N.C.App. at 392
 
 ,
 
 529 S.E.2d at 241
 
 . (citations omitted).
 

 This Court "conducts a
 
 de novo
 
 review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 
 Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.,
 

 231 N.C.App. 70
 
 , 74,
 
 752 S.E.2d 661
 
 , 663-64 (2013) (citation omitted).
 

 B. Analysis
 

 To assert a claim for malicious prosecution, a plaintiff must establish four elements: "that the defendant '(1) instituted, procured or participated in the criminal proceeding against [the] plaintiff; (2) without probable cause; (3) with malice; and (4) the prior proceeding terminated in favor of [the] plaintiff.' "
 
 Hill v. Hill,
 

 142 N.C.App. 524
 
 , 537,
 
 545 S.E.2d 442
 
 , 451 (Tyson, J., dissenting) (citing
 
 Moore v. Evans,
 

 124 N.C.App. 35
 
 , 42,
 
 476 S.E.2d 415
 
 , 421 (1996) ),
 
 rev'd for the reasons stated in dissenting opinion,
 

 354 N.C. 348
 
 ,
 
 553 S.E.2d 679
 
 (2001) ;
 
 see also
 

 Stanback v. Stanback,
 

 297 N.C. 181
 
 , 202,
 
 254 S.E.2d 611
 
 , 625 (1979). In cases for malicious prosecution in which the earlier proceeding is civil, rather than criminal, in nature, our courts require a plaintiff to additionally plead and prove a fifth element: "special damages."
 
 See
 

 Dunn v. Harris,
 

 81 N.C.App. 137
 
 , 139,
 
 344 S.E.2d 128
 
 , 129 (1986).
 

 In this case, the parties do not dispute Plaintiff's complaint alleges the second, third, and fourth elements of a malicious prosecution claim. The complaint on its face alleges a proceeding was instituted against Plaintiff without probable cause, with malice, and that
 
 *389
 
 the proceeding terminated in favor of Plaintiff.
 

 Plaintiff argues the trial court erred in dismissing his claim because the allegations in his complaint were also sufficient to satisfy the first and fifth elements of a malicious prosecution claim. Presuming, without deciding, the allegations of the first were sufficient, we review whether Plaintiff's complaint sufficiently alleged special damages, the essential fifth element of malicious prosecution.
 

 Special Damages
 

 Our Supreme Court has held:
 

 [W]hen the plaintiff's claim for malicious prosecution is based on the institution of a prior civil proceeding against
 
 *373
 
 him he must show ... that there was some arrest of his person, seizure of his property, or some other element of special damage resulting from the action such as would not necessarily result in all similar cases.
 

 Stanback,
 

 297 N.C. at 203
 
 ,
 
 254 S.E.2d at 625
 
 (citations omitted). "[T]he requirement that a plaintiff show some special damage resulting from a prior lawsuit filed against him 'is an essential, substantive element of the claim.' "
 
 Stikeleather v. Willard,
 

 83 N.C.App. 50
 
 , 51,
 
 348 S.E.2d 607
 
 , 608 (1986) (citing
 
 Stanback,
 

 297 N.C. at 204
 
 ,
 
 254 S.E.2d at
 
 626 ).
 

 Prior cases where our appellate courts have found special damages are instructive:
 

 The gist of such special damage is a substantial interference either with the plaintiff's person or his property such as causing execution to be issued against the plaintiff's person, causing an injunction to issue prohibiting plaintiff's use of his property in a certain way, causing a receiver to be appointed to take control of plaintiff's assets, causing plaintiff's property to be attached, or causing plaintiff to be wrongfully committed to a mental institution.
 

 Stanback,
 

 297 N.C. at 203
 
 ,
 
 254 S.E.2d at 625
 
 (citations omitted). A plaintiff's allegation that he "suffered injury to his reputation, embarrassment, loss of work and leisure time and that he has incurred expenses in defending the claim" has been held to be insufficient to show special damages.
 
 Stikeleather,
 

 83 N.C.App. at 52
 
 ,
 
 348 S.E.2d at 608
 
 .
 

 Plaintiff argues the assertions in his complaint sufficiently alleged special damages. Plaintiff asserts the second paragraph in the Amended Complaint, drafted by Defendant Moore, which alleges Plaintiff sexually assaulted B.F., branded him as an "evil child molester," injured his reputation and good name, and required him to remove damaging information posted on the internet accusing him of a crime. Plaintiff also argues an interference with his person occurred because he was required to travel to, and attend, two hearings to defend the DVPO Case. We cannot agree. Plaintiff's allegations do not constitute or assert "special damages" as that term has been interpreted by controlling precedents.
 

 This Court has held that injury to a plaintiff's reputation and good name are not special damages.
 
 Stikeleather,
 

 83 N.C.App. at 52
 
 ,
 
 348 S.E.2d at 608
 
 . Removing damaging information from the internet is a predictable result of alleged reputational damage, and will almost always
 
 *374
 
 "necessarily result in all similar cases."
 
 Stanback,
 

 297 N.C. at 203
 
 ,
 
 254 S.E.2d at 625
 
 .
 

 Likewise, having to travel to defend oneself will necessarily be the result in similar cases. Having to travel to court on two occasions is meaningfully different from causing execution to be issued against a plaintiff's person, causing a plaintiff to be wrongfully committed to a mental institution, and the other instructive examples of the kind of injuries which rise to special damages highlighted in
 
 Stanback.
 

 Id.
 
 at 203,
 
 254 S.E.2d at 625
 
 .
 

 Plaintiff has failed to allege special damages that are different from those which would "necessarily result in all similar cases," a substantive element of the claim of malicious prosecution.
 

 Id.
 

 Plaintiff's argument to the contrary is overruled. The trial court's ruling on Plaintiff's malicious prosecution claim is affirmed.
 

 IV. Abuse of Process
 

 Plaintiff argues the trial court erred by allowing Defendants' motion for summary judgment as to his claim for abuse of process. We disagree.
 

 *390
 

 A. Standard of Review
 

 Summary judgment is proper where:
 

 the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.
 

 In a motion for summary judgment, the evidence presented to the trial court must be ... viewed in a light most favorable to the non-moving party.
 

 An issue is "genuine" if it can be proven by substantial evidence and a fact is "material" if it would constitute or irrevocably establish any material element of a claim or a defense.
 

 A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. Generally this means that on undisputed
 
 *375
 
 aspects of the opposing evidential forecast, where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.
 

 This Court reviews an order granting summary judgment
 
 de novo.
 

 Hedgepeth v. Parker's Landing Prop. Owners Ass'n,
 
 --- N.C.App. ----, ----,
 
 781 S.E.2d 822
 
 , 825-26 (2016) (citations and internal quotation marks omitted).
 

 B. Analysis
 

 Our Supreme Court has stated "abuse of process is the misuse of legal process for an ulterior purpose."
 
 Fowle v. Fowle,
 

 263 N.C. 724
 
 , 728,
 
 140 S.E.2d 398
 
 , 401 (1965). The claim "consists in the malicious misuse or misapplication of that process
 
 after issuance
 
 to accomplish some purpose not warranted or commanded by the writ."
 

 Id.
 

 (emphasis original).
 

 [A]buse of process requires both an ulterior motive and
 
 an act
 
 in the use of the legal process not proper in the regular prosecution of the proceeding, and that both requirements relate to the defendant's purpose to achieve through the use of the process some end foreign to those it was designed to effect. The ulterior motive requirement is satisfied when the plaintiff alleges that the prior action was initiated by defendant or used by him to achieve a collateral purpose not within the normal scope of the process used. The act requirement is satisfied when the plaintiff alleges that once the prior proceeding was initiated, the defendant committed some wilful act whereby he sought to use the existence of the proceeding to gain advantage of the plaintiff in respect to some collateral matter.
 

 Stanback,
 

 297 N.C. at 201
 
 ,
 
 254 S.E.2d at 625
 
 (emphasis original) (internal quotations and citations omitted).
 

 Viewed in the light most favorable to Plaintiff, his complaint fails to show any genuine issue of material fact, which would entitle him to relief on his claim of abuse of process. The pleadings and other documents in the record show Plaintiff cannot prove the second essential element of this claim.
 

 *376
 
 The second essential element to support an abuse of process claim is the "act requirement," which is satisfied when the plaintiff shows "that once the prior proceeding was initiated,
 
 the defendant committed some wilful act
 
 whereby he sought to use the existence of the proceeding to gain advantage of the plaintiff in respect to some collateral matter."
 
 Stanback,
 

 297 N.C. at 201
 
 ,
 
 254 S.E.2d at 625
 
 (emphasis supplied). Here, Plaintiff's complaint alleges Defendants sought "temporary custody orders based upon the false allegations" in the DVPO case.
 

 While the Supplemental Pleading in the Child Custody Case makes reference to and describes the underlying allegation of sexual abuse by Summer against Plaintiff, the Supplemental Pleading itself does not mention the Amended Complaint Defendant Moore drafted and signed in the DVPO Case. The record shows Summer was not represented by Defendants in the Child Custody Case,
 
 *391
 
 but rather employed a different attorney and law firm, Catherine F. Stalker Esq. ("Attorney Stalker") and Forrester Law Firm, to represent her in that proceeding.
 

 Presuming, without deciding, Plaintiff made sufficient allegations to meet the "ulterior motive" requirement of an abuse of process claim, the pleadings and other documents clearly show Defendants did not commit "some wilful act" to use the existence of the Amended Complaint in the DVPO Case to gain an advantage over Plaintiff in a collateral proceeding, the Child Custody Case.
 

 While the allegations presented in the second paragraph of the Amended Complaint were recounted in the Supplemental Pleading, the Amended Complaint is not mentioned. Further, it was Summer and Attorney Stalker, rather than Defendants, who drafted the Supplemental Pleading containing the same allegations, which was filed in the Child Custody Case. Plaintiff's arguments are overruled.
 

 Counsel's Conduct and Duty
 

 Our holdings regarding Plaintiff's failure to allege or show facts to support essential elements of both claims presented in this appeal should not be construed as condonation of Defendant Moore's or any other attorney's actions regarding these and the related actions which, if true, may violate the North Carolina Rules of Civil Procedure and the North Carolina Rules of Professional Conduct.
 
 See
 
 N.C. Gen.Stat. § 1A-1, Rule 11 (2013) ("The signature of an attorney ... constitutes a certificate by him that he has read the pleading ...; that to the best of his knowledge, information, and belief
 
 formed after reasonable inquiry
 
 it is well grounded in fact[.] ... If a pleading ... is signed in violation
 
 *377
 
 of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction[.]") (emphasis supplied); N.C. Rev. R. Prof. Conduct 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous.");
 
 see also
 
 N.C. Rev. R. Prof. Conduct 3.1, cmt. [2] ("The filing of an action or defense ... taken for a client is not frivolous merely because the facts have not first been fully substantiated[.] ... What is required of lawyers, however, is that they
 
 inform themselves about the facts of their clients' cases
 
 ... and determine that they can make good faith arguments in support of their clients' positions.") (emphasis supplied).
 

 V. Conclusion
 

 The trial court properly granted Defendants' motion to dismiss Plaintiff's claim for malicious prosecution. Presuming, without deciding, Plaintiff alleged sufficient facts to satisfy the first four elements of a malicious prosecution claim, the damages Plaintiff alleged in his complaint would "necessarily result in all similar cases."
 
 Stanback,
 

 297 N.C. at 203
 
 ,
 
 254 S.E.2d at 625
 
 . These allegations do not rise to the level of "special damages" required to support the essential fifth element of the claim for malicious prosecution.
 

 Id.
 

 The trial court properly allowed Defendants' motion for summary judgment on Plaintiff's claim for abuse of process. No genuine issue of material fact exists and the pleadings clearly show Defendants did not willfully act to use the existence of the Amended Complaint to gain an advantage of Plaintiff in the Child Custody Case, a collateral matter.
 
 Stanback,
 

 297 N.C. at 201
 
 ,
 
 254 S.E.2d at 625
 
 . Defendants were entitled to judgment as a matter of law. N.C. Gen.Stat. § 1A-1, Rule 56(c) (2013).
 

 The orders and judgments of the trial courts are affirmed.
 

 AFFIRMED.
 

 Judges CALABRIA and DAVIS concur.