CHARLES DAVIS, BY HIS NEXT FRIEND, ROBERT ALLEN v. WILLIAM RIGSBY.

(Filed 29 April, 1964.)

**1. Pleadings § 29;    Evidence § 20—**

> A party is bound by an allegation contained in his own pleading and he cannot subsequently take a position contrary thereto.

**2. Trial § 21—**

> On motion to nonsuit, plaintiff may not avail himself of evidence contrary to a positive allegation in his complaint.

**3. Automobiles § 49—**

> A passenger who enters an automobile with knowledge that the driver is under the influence of an intoxicant and voluntarily rides with him is guilty of contributory negligence *per se* barring recovery as a matter of law

for injury resulting from the driver's negligent operation of the car. He cannot avoid the consequences of his contributory negligence by testifying that the driver was not "drunk" but only "under the influence of an intoxicant."

APPEAL by defendant from *Huskins, J.,* August 1963 Session of MADISON.

Action for personal injuries growing out of an automobile upset. In his complaint plaintiff alleges:

About 10:30 p.m. on December 22, 1961, plaintiff was a guest passenger in defendant's automobile which he was negligently operating on a public highway at an unlawful rate of speed, without keeping it under proper control, and while under the influence of some intoxicating beverage. As a result, the vehicle overturned and plaintiff was injured.

Defendant denied all allegations of actionable negligence but, in the alternative and in bar of plaintiff's right to recover, averred that if he were operating the automobile while under the influence of some intoxicating beverage, plaintiff knew his condition at the time he became an occupant of the vehicle and voluntarily·remained in it without protesting his speed or manner of operating the car.

Plaintiff's evidence tended to show the following facts:

At the time of the accident plaintiff was sixteen years old; at the time of the trial he was eighteen. He spent the evening of December 22, 1961 at the Marshall Skating Rink on Corkscrew Road. The defendant and Ed Rice (the plaintiff in a companion case) were also there and he observed them both drinking beer. At 10:00 p.m. plaintiff and Ronnie Johnson asked defendant for a ride home and the four left in defendant's 1957 Plymouth. Defendant proceeded from Corkscrew Road to the Walnut Creek Road where he overtook and passed another automobile. As he did so Ronnie Johnson informed defendant that they were meeting a highway patrol car and after it had passed he said to the defendant, "He's turning around." Defendant immediately increased his speed, ignored a stop sign when he entered the Marshall Bypass on a left turn, and went off the road on the right shoulder while "he was moving pretty fast." When he turned the car back on the pavement it upset at a point two hundred and forty-four feet south of the place where it had left the road.

On cross-examination plaintiff testified: "And I knew that William Rigsby was under the influence of beer or intoxicating beverages at the time I got into the car . . . He wasn't drunk. I still say he was operating the car while under the influence of intoxicating beverage. I do

say he wasn't so drunk that he couldn't drive. He was so drunk that he was affected and was under the influence. What I am telling the jury this morning is that he wasn't so drunk that he didn't know what he was doing. I saw him drinking beer and that is what I testified to, and that is the truth." Plaintiff also testified that he had no conversation whatever with defendant between the time they left the skating rink and the time the accident occurred.

The defendant, called as a witness by the plaintiff, testified that he had consumed no wine, beer, whiskey, or other intoxicating beverages that evening; that he ran off the road because an approaching car with very bright lights came over into his lane of travel.

At the close of plaintiff's evidence the defendant also rested and moved for judgment as of nonsuit. The motion was overruled. Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff. From judgment entered on the verdict defendant appealed, assigning as error the failure of the court to allow his motion for judgment as of nonsuit.

*A. E. Leake for plaintiff.*
*Williams, Williams and Morris for defendant.*

SHARP, J. The basis of defendant's appeal is his contention that plaintiff's evidence establishes his contributory negligence as a matter of law. Plaintiff's argument is that, notwithstanding his own testimony to the contrary, he offered defendant's testimony that he had drunk no intoxicants that night and that this conflict in the evidence was for the jury to resolve. Ordinarily this would be true, but plaintiff overlooks the positive allegation in his complaint that at the time of the accident defendant was operating his automobile while under the influence of an intoxicating beverage thereby proximately causing the upset. A party is bound by his pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader. He cannot subsequently take a position contradictory to his pleadings. *Credit Corp. v. Saunders*, 235 N.C. 369, 70 S.E. 2d 176; 71 C.J.S., *Pleading* § 59. Therefore, so far as plaintiff's right of action is concerned, his allegation that defendant was under the influence of an intoxicant at the time of the accident is conclusive and any evidence to the contrary must be disregarded in passing on the motion for nonsuit.

It is negligence *per se* for one to operate an automobile while under the influence of an intoxicant within the meaning of G.S. 20-138. *Watters v. Parrish*, 252 N.C. 787, 115 S.E. 2d 1. If one enters an automo-

bile with knowledge that the driver is under the influence of an intoxicant and voluntarily rides with him, he is guilty of contributory negligence *per se*. *Tew v. Runnels*, 249 N.C. 1, 105 S.E. 2d 108; *Dinkins v. Carlton*, 255 N.C. 137, 120 S.E. 2d 543.

Plaintiff's own testimony established his knowledge that defendant *was under the influence of an intoxicant* at the time he entered his automobile. He cannot avoid the consequences of his lack of prudence by saying that the defendant was not *drunk*. The two terms are not necessarily synonymous. *State v. Painter*, 261 N.C. 332, 134 S.E. 2d 638. Defendant's motion for a judgment as of nonsuit should have been allowed.

Reversed.