INGRID KINNEY, ADMINISTRATRIX OF THE ESTATE OF MARTIN KINNEY v. RICKY J. BAKER

No. 8615SC140

(Filed 15 July 1986)

**Automobiles and Other Vehicles § 94.7— contributory negligence—intoxicated driver—passenger's knowledge of intoxication—directed verdict erroneous**

The trial court erred in an action arising from an automobile accident by directing a verdict for defendant based on deceased's failure to notice defend-

Kinney v. Baker

ant's intoxication where all of the people who had observed defendant before or after the accident testified that defendant did not appear intoxicated and that they were not able to detect an odor of alcohol about his person, but an assistant medical examiner testified that a person with defendant's blood alcohol level would be noticeably impaired. An allegation that defendant operated the vehicle while his blood alcohol level exceeded .10 percent did not establish that the deceased knew when he rode with defendant that defendant was intoxicated.

APPEAL by plaintiff from *Preston, Judge*. Judgment entered 29 August 1985 in Superior Court, ORANGE County. Heard in the Court of Appeals 11 June 1986.

On 6 February 1983, Martin Kinney was a passenger in a vehicle driven by the defendant. Kinney was killed when the vehicle left the road, struck a creek bank and overturned.

On 27 October 1983, plaintiff filed this wrongful death action against defendant. In her complaint the plaintiff made the following allegations regarding the defendant's negligence:

6. That the crash described above was caused by the negligence of the Defendant, Ricky J. Baker, in operating the 1977 Jeep, in that:

a) the Defendant operated the vehicle while under the influence of intoxicating liquors in a willful and wanton disregard of the rights and safety of the occupants of the vehicle being driven by the Defendant, and in violation of North Carolina Statute 20-138;

b) that the Defendant operated this vehicle in a careless manner in a willful and wanton disregard of the rights and safety of the occupants of the vehicle and was traveling at an excessive speed under the circumstances in violation of North Carolina General Statute 20-140;

c) that the Defendant drove this vehicle on a highway at a speed greater than was reasonable and prudent under the conditions then existing in violation of North Carolina General Statute 20-141;

d) that the Defendant drove this vehicle on a public highway and failed to decrease speed in order to

avoid an accident in violation of North Carolina General Statute 20-141;

e) that the Defendant failed to maintain a proper lookout and failed to keep the vehicle under proper control.

The complaint was later amended to add the following additional allegation designated as paragraph 6(f):

That defendant operated the vehicle while his blood alcohol level exceeded .10% in a willful and wanton disregard of the rights and safety of the occupants of the vehicle then being driven by the defendant in violation of N.C.G.S. 20-138.

On 26 September 1984, the plaintiff sought leave to amend her complaint by deleting paragraph 6(a) above and inserting a new paragraph 6(a) which read:

The defendant fell asleep while operating the vehicle and drove it outside of the lane provided and off the road in violation of North Carolina General Statute 20-146(d).

Defendant also sought leave to amend to allege that Kinney was contributorily negligent by failing to wear his seat belt. On 24 October 1984, the plaintiff was allowed to amend her complaint consistent with her motion. On 7 December 1984, the defendant's motion to amend was denied.

During the 26 August 1985 session of court the matter came on for trial. At the close of all the evidence the court entered a directed verdict against the plaintiff. From the judgment dismissing the claim, plaintiff appealed.

*Michael E. Mauney for plaintiff appellant.*

*Haywood, Denny, Miller, Johnson, Sessoms & Haywood, by George W. Miller, Jr. and Sherry R. Dawson, for defendant appellee.*

ARNOLD, Judge.

The issue dispositive of this appeal is whether the trial court erred in allowing defendant's motion for a directed verdict. Believing that it was error to direct a verdict, we reverse.

The question presented by the defendant's motion for a directed verdict is whether the evidence, when considered in the

light most favorable to the plaintiff, is sufficient to submit the case to the jury. A directed verdict is appropriate only if the evidence reveals, as a matter of law, that plaintiff is not entitled to a verdict. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971).

At trial the plaintiff offered evidence which tended to show that on 5 February 1983 it had begun to snow and sleet. In the early morning hours of 6 February 1983, while it was still snowing, Martin Kinney was riding in a jeep driven by Ricky J. Baker. The jeep slid off the road, down an embankment and landed on its top. At the time the jeep left the road it was traveling approximately 40 miles per hour. The trooper who investigated the accident testified that in his opinion the speed of 40 miles per hour was too fast for conditions at that time. The plaintiff also presented evidence that a blood sample taken four hours after the accident showed the defendant had a blood alcohol level of .117. Based upon this test Dr. Butts, an assistant medical examiner with the State of North Carolina, testified that in his opinion defendant would have had a blood alcohol level of .157 at the time the accident occurred.

The defendant offered evidence which tended to show that earlier in the morning another wreck had occurred near Charles Snipes' home. While Snipes was at that wreck he saw the defendant and he did not observe anything wrong with the way defendant acted, talked or handled himself. Mark Elliott, the defendant's and Kinney's roommate, testified that he saw the defendant and the deceased prior to going to bed about 12:00 and that he didn't observe anything unusual about the way they acted. The defendant testified that he had consumed 4 beers between 6:00 p.m. and 10:00 p.m. and that he and Kinney had each consumed two beers after Baker returned home.

On recross examination, Dr. Butts testified that in his opinion someone with the blood alcohol level of the defendant would weave, be disoriented and could possibly have been stumbling when he walked. The doctor further testified that this would have been obvious to someone who saw defendant on a regular basis.

At the close of all the evidence defendant made a motion for a directed verdict. The court granted the motion because it found that the deceased was contributorily negligent as a matter of law.

The court stated that the deceased should have noticed that defendant was under the influence and should not have ridden with defendant. The court found that this failure to notice the defendant's intoxication made the deceased contributorily negligent as a matter of law.

"If one enters an automobile with knowledge that the driver is under the influence of an intoxicant and voluntarily rides with him, he is guilty of contributory negligence *per se*." *Davis v. Rigsby*, 261 N.C. 684, 686-87, 136 S.E. 2d 33, 35 (1964). This knowledge may be proven either by testimony or by the pleadings. *See id.*

In the case *sub judice* neither the pleadings nor the evidence establish as a matter of law that the deceased knew or should have known that defendant was intoxicated. The evidence offered at trial is in conflict regarding whether the defendant's intoxication was noticeable. All the people who testified at trial that they had observed the defendant either before or after the accident testified defendant did not appear to be intoxicated, nor were they able to detect an odor of alcohol about his person. Dr. Butts testified, however, that in his professional opinion a person who had a blood alcohol level of the defendant would be noticeably impaired. Because there was a conflict in the evidence, it was clearly a question of fact for the jury regarding whether the deceased was contributorily negligent because he knew or should have known of defendant's intoxication and still rode with him.

Since defendant was not entitled to a directed verdict based upon the evidence we must look to the pleadings to determine whether plaintiff's claim was barred by an admission. Defendant argues that paragraph 6(f) of the complaint alleges a bar to recovery. Paragraph 6(f) states:

That defendant operated the vehicle while his blood alcohol level exceeded .10% in a willful and wanton disregard of the rights and safety of the occupants of the vehicle then being driven by the defendant in violation of N.C.G.S. 20-138.

This allegation does not establish that the deceased knew when he rode with the defendant that the defendant was intoxicated. It merely alleges that at the time of the accident the defendant's blood alcohol level was higher than that allowed by law. We hold

that it was improper to direct a verdict based upon this allegation.

The plaintiff was entitled to have a jury determine the issues in this cause. Thus, the judgment is reversed and the case is remanded for a

New trial.

Judges EAGLES and PARKER concur.