LAWRENCE E. WATKINS, ADMINISTRATOR OF THE ESTATE OF MELISSA GRAY WATKINS v. LISA SUSANNE HELLINGS

No. 4PA87

(Filed 5 November 1987)

**1. Automobiles and Other Vehicles § 94.7; Negligence § 38— intoxicated driver— contributory negligence of passenger—no prejudicial error in instructions**

In an action by the administrator of the estate of a deceased automobile passenger against the driver of the automobile, it was not necessary to reach the question of whether the trial judge's instruction on contributory negligence was erroneous where the deceased passenger recruited a sober driver to accompany her to Raleigh and supplied the young driver with wine as she negotiated unfamiliar roads in a hard rain in the dark. Even assuming that the instruction on contributory negligence was erroneous, the evidence of contributory negligence was so overwhelming as to compel the jury's conclusion.

**2. Rules of Civil Procedure § 37— discovery sanctions—no request for findings— Shuford approach rejected**

The Court of Appeals erred by requiring the trial court to make negative findings of fact in an order taxing discovery sanctions for failure to make admissions where neither party made a request for findings and conclusions under N.C.G.S. § 1A-1, Rule 52(a)(2). N.C.G.S. § 1A-1, Rule 37(c).

ON defendant's petition for discretionary review of the decision of the Court of Appeals, 83 N.C. App. 430, 350 S.E. 2d 590 (1986), which ordered a new trial and, further, vacated and remanded the order of *Barnette, J.,* Superior Court, WAKE County, allowing discovery sanctions. Heard in the Supreme Court 8 September 1987.

*Henson, Fuerst & Willey, P.A., by Ralph G. Willey, III and Thomas W. Henson, for plaintiff-appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and Sanford W. Thompson IV, for defendant-appellant.*

MARTIN, Justice.

This case comes before us on appeal on two issues: whether the trial judge committed reversible error (1) in his instruction to the jury on contributory negligence and (2) in imposing discovery sanctions on the plaintiff. For the reasons explained below, we reverse the Court of Appeals and reinstate and affirm the order of the trial court imposing sanctions.

Lisa Hellings and Melissa Watkins were freshmen roommates at The University of North Carolina at Wilmington. On the night of 9 April 1983, Melissa (plaintiff's decedent) asked Lisa (defendant) to go with her to a nightclub in Raleigh. Because Melissa had been drinking wine and Lisa cola, Lisa agreed to drive Melissa's car, and each took her glass of wine or cola with her.

At Melissa's request, Lisa bought a bottle of wine when they stopped for gas en route. Melissa poured wine for both of them as they drove. After they reached Clinton, Melissa had to direct Lisa, who had never before driven from Clinton to Raleigh. By the time they reached Clinton, it was raining very hard. They continued to drink and drive until, at about 10:30 p.m., they had finished the wine. Lisa drank half the bottle, about two or three glasses. Lisa handed her empty glass to Melissa, who tossed it into the back of the car where it struck the wine bottle and broke. This startled Lisa, who groped for the overhead light in order to determine whether the glass had indeed been broken. At this point she misjudged a curve, jerked the wheel to get back on the road, and skidded across the slippery road into the opposite ditch. Melissa was fatally injured. Both girls were taken to a Dunn hospital. A blood test taken soon after her arrival at the hospital showed that Lisa had a blood alcohol level of .10 percent.

The plaintiff, father of Melissa Watkins and administrator of her estate, filed a wrongful death action against Lisa Hellings on 26 June 1984, alleging negligence. At trial, the jury found that the defendant was negligent but that Melissa Watkins was contributorily negligent. Judgment was therefore entered dismissing plaintiff's action. Subsequent to the trial, Judge Barnette heard arguments on defendant's motion for discovery sanctions. He ordered plaintiff to pay sanctions in the amount of $5,316.28 to defendant for expenses incurred in proving the truth of matters set forth in requests for admissions. On 2 December 1986 the Court of Appeals filed an opinion which granted plaintiff a new trial and also vacated and remanded the order allowing discovery sanctions on the grounds that it did not contain findings of fact. Defendant's petition for discretionary review to the Supreme Court was allowed on 8 April 1987.

[1] Plaintiff contends that the trial court erroneously instructed the jury on contributory negligence and that he is therefore en-

titled to a new trial. This Court has determined in cases such as this that three elements must be proved by a defendant to establish contributory negligence against a passenger. The defendant must prove that (1) the driver was under the influence of an intoxicating beverage; (2) the passenger knew or should have known that the driver was under the influence of an intoxicating beverage; and (3) the passenger voluntarily rode with the driver even though the passenger knew or should have known that the driver was under the influence of an intoxicating beverage. *See Davis v. Rigsby,* 261 N.C. 684, 686-87, 136 S.E. 2d 33, 34-35 (1964); *Dinkins v. Carlton and Williams v. Carlton,* 255 N.C. 137, 140, 120 S.E. 2d 543, 544-45 (1961); *Samuels v. Bowers,* 232 N.C. 149, 153, 59 S.E. 2d 787, 791 (1950). Plaintiff contends that the trial judge misled the jury as to the second above-stated element, which requires that the passenger have so-called "objective knowledge" of the driver's impairment. The trial judge instructed the jury that if the passenger knew or should have known that the driver "might or could be" impaired by alcohol, it could find contributory negligence. Defendant argues in response that the trial court's charge on contributory negligence, taken as a whole, was not misleading or erroneous, even if certain parts of it, read in isolation, might appear so.

However, on the facts of this case, we do not find it necessary to reach the question of whether the trial judge's instruction was erroneous. For, even assuming that the judge's instruction on contributory negligence was erroneous, the evidence of contributory negligence was so overwhelming as to compel the jury's conclusion. Melissa Watkins recruited a sober driver to accompany her to Raleigh. She then supplied the young driver with wine as she negotiated unfamiliar roads in a hard rain in the dark. In *Brannon v. Sprinkle,* 207 N.C. 398, 177 S.E. 114 (1934), this Court refused to grant a new trial where the trial judge had failed to instruct the jury on proximate cause in a negligence action. We noted that on the evidence the jury could reach but one conclusion and held that where "the jury can draw but one inference, a new trial shall not be granted on account of error in the charge of the trial judge." *Id.* at 407, 177 S.E. at 119. So it is here. We hold that if the trial judge committed error in his charge, it was harmless error that did not prejudice the outcome of the trial.

The facts of this case would have supported a directed verdict for defendant on the grounds that plaintiff was contributorily negligent as a matter of law. In deciding a motion for directed verdict, the trial court is to consider all the evidence in the light most favorable to the nonmoving party. A directed verdict may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the nonmovant. *Dickinson v. Pake*, 284 N.C. 576, 583, 201 S.E. 2d 897, 902 (1974). This Court has held that when a passenger voluntarily continues to ride with a driver the passenger knows to be impaired by alcohol, the passenger is contributorily negligent as a matter of law. *Bank v. Lindsey*, 264 N.C. 585, 142 S.E. 2d 357 (1965); *Davis v. Rigsby*, 261 N.C. 684, 136 S.E. 2d 33. The above-cited cases differ from the one before us only in that the drivers there were impaired prior to attempting to operate a motor vehicle. The fact that in the present case the defendant became impaired after she got behind the wheel can hardly be considered a bar to finding plaintiff contributorily negligent as a matter of law.

[2] Plaintiff also contends, and the Court of Appeals has agreed, that the trial court should not have awarded discovery sanctions. The sanctions were imposed because plaintiff refused to make requested admissions concerning State Bureau of Investigation reports on the degree of defendant's intoxication. Rule 37(c) of the North Carolina Rules of Civil Procedure provides that the court shall tax sanctions and expenses against a party who has failed to make admissions if the other party subsequently proves the truth of the matter, unless the court finds that one or more of the exceptions obtains. The four exceptions listed in Rule 37(c) are as follows:

(1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

The opinion of the Court of Appeals states that Rule 37(c) does not require the trial court to make negative findings of fact with respect to the four exceptions. However, citing W. Shuford, *N.C. Civil Practice and Procedure* § 37-13 (2d ed. 1981), that court held that the better practice is to require the trial court to make nega-

tive findings of fact with respect to the four stated exceptions in order to support an order taxing sanctions to a party. The Court of Appeals reasoned in its opinion that this is desirable because of "the risk to litigants of substantial monetary awards against them in the application" of Rule 37(c). 83 N.C. App. at 438, 350 S.E. 2d at 587. The Court of Appeals therefore vacated the trial court's order and remanded the motion for further consideration. We reverse the decision of the Court of Appeals on this issue. The Court of Appeals opinion does not take into account Rule 52(a)(2) of the North Carolina Rules of Civil Procedure. That rule states, in pertinent part, that "findings of fact and conclusions of law are necessary on decisions of any motion . . . only when requested by a party . . . ." The record does not reveal that either party made such a request of the trial judge. It has been held repeatedly by this Court that "[w]hen the trial court is not required to find facts and make conclusions of law and does not do so, it is presumed that the court on proper evidence found facts to support its judgment." *Estrada v. Burnham*, 316 N.C. 318, 324, 341 S.E. 2d 538, 542 (1986). We leave it to the discretion of the trial judge whether to make a finding of fact if a party does not choose to compel a finding through the simple mechanism of so requesting.

The decision of the Court of Appeals is reversed and the case is remanded to that court for remand to the Superior Court, Wake County, for reinstatement of the judgment of that court and the order imposing sanctions.

Reversed and remanded.