RAFE V. WILLIAMS AND EDNA H. WILLIAMS v. LEE BRICK & TILE, INCORPORATED

No. 8711SC567

(Filed 16 February 1988)

1. Negligence § 39— last clear chance—instructions proper

     In an action to recover for injuries sustained by plaintiff when he was struck by a forklift, there was no merit to plaintiffs' contention that the trial judge erroneously instructed the jury on the issue of last clear chance where the challenged instruction properly summarized the evidence submitted at trial with regard to when plaintiff dismounted the forklift.

2. Negligence § 39— last clear chance—instructions proper

     In an action to recover for injuries sustained by plaintiff when he was struck by a forklift, the trial court did not err in instructing the jury that in order for the last clear chance doctrine to apply, the driver of the forklift "must have had a last clear chance, not a last possible chance."

3. Negligence § 22— motion to amend complaint denied—no error

     In an action to recover for injuries sustained by plaintiff when he was struck by a forklift, the trial court did not err in denying plaintiffs' motion to

amend their complaint at the close of their evidence and at the close of all the evidence to allege that defendant was negligent directly for failing to warn truck drivers like plaintiff of the danger in riding forklifts and for not prohibiting drivers from riding, since plaintiffs did not present any evidence that the failure to warn was a proximate cause of plaintiff's injury.

APPEAL by plaintiffs from *Donald W. Stephens, Judge.* Judgment entered 26 November 1986 in Superior Court, LEE County. Heard in the Court of Appeals 2 December 1987.

*Moretz & Silverman, by J. Douglas Moretz and Jonathan Silverman for plaintiff-appellants.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Sanford W. Thompson, IV and Reid Russell for defendant-appellee.*

BECTON, Judge.

Plaintiffs, Rafe V. Williams and Edna H. Williams, brought this action against defendant Lee Brick & Tile, Incorporated to recover damages for injuries Rafe V. Williams sustained due to the negligence of Lee Brick's employee, Charles Buffkin. A jury found: 1) that Williams was injured by Buffkin's negligence; 2) that Williams was contributorily negligent; and 3) that Buffkin did not have the last clear chance to avoid the accident. The plaintiffs appeal. We find no error.

I

Rafe Williams was a 70-year-old truck driver for N.P. Sloan Trucking Company (Sloan). Williams' route required him to transport brick from various Lee County brick plants. On 28 August 1985, Williams arrived at the Lee Brick brickyard at approximately 2:30 p.m. to load his brick for the following day. Charles Buffkin, a Lee Brick forklift operator, loaded Williams' trailer. Williams stood on the forklift running board and rode with Buffkin as Buffkin drove the final load of brick toward Williams' trailer.

There was conflicting evidence regarding the occurrence and sequence of some events immediately preceding the accident.

Williams testified that just before the forklift reached the point where Buffkin normally aligned the vehicle with his trailer

for unloading, he advised Buffkin that he was dismounting, and Buffkin replied, "okay." The forklift was moving very slowly or was stopped. After he walked two steps, he was struck on the side by the rear of the then turning forklift. He fell to the ground, and Buffkin drove the forklift over his leg.

Buffkin testified that he stopped the forklift, three feet in front of Williams' trailer, when he felt a bump. He did not know that Williams had dismounted. He did not hear Williams advise him that he was about to dismount. Williams did not touch him before he dismounted.

No one else saw the accident.

Operating instructions were mounted on the forklift, and instruction number 8 warned: "Do not permit riders on forks or machine at any time."

## II

The plaintiffs made eight assignments of error on appeal, some of which relate to liability while the remainder relate to damages. We will first address the issues concerning liability.

## A

[1] In their first assignment of error, the plaintiffs contend that the trial judge erroneously instructed the jury on the issue of last clear chance by instructing the jury as follows:

> . . . before you could answer this issue yes in favor of the plaintiff, in the event you reach this issue, the plaintiff must have satisfied you by the greater weight of the evidence that Charles Buffkin, at the time he turned the forklift, knew or by the exercise of reasonable care should have known, that Rafe Williams had already dismounted from the forklift and that Rafe Williams was still in the area near the forklift which would cause Mr. Williams to be struck by the forklift's turn.

The plaintiffs argue that the above instructions displaced the jury's role as fact finder because it precluded them from finding either that Buffkin knew Williams had dismounted before he began the turn, or that the forklift was in a gentle turn when Williams stepped off. They argue under both of these scenarios

that Buffkin had the last clear chance to avoid the accident, but the jury could not have drawn either inference from the given instruction. We disagree.

The essential elements of the last clear chance doctrine have been described in several North Carolina cases. Recently, in *Pegram v. Pinehurst Airline, Inc.*, 79 N.C. App. 738, 740, 340 S.E. 2d 763, 765 (1986), *citing Wray v. Hughes*, 44 N.C. App. 678, 262 S.E. 2d 307, *disc. rev. denied*, 300 N.C. 203, 269 S.E. 2d 628 (1980), this court enumerated the following five prerequisites for application of the doctrine:

> (1) Plaintiff, by his own negligence, placed himself in a position of peril from which he could not escape; (2) defendant saw, or by the exercise of reasonable care should have seen and understood, the perilous position of plaintiff; (3) defendant had the time and the means to avoid the accident if defendant had seen or discovered plaintiff's perilous position; (4) the defendant failed or refused to use every reasonable means at his command to avoid impending injury to plaintiff; and (5) plaintiff was injured as a result of defendant's failure or refusal to avoid impending injury.

In the case *sub judice* the instruction did not prevent the jury from deciding the point at which Williams dismounted the forklift. The instruction presupposes that Williams was struck when the forklift turned. Both witnesses agreed that Williams was struck during the turn. The jury remained free to determine when Williams dismounted. Thus, the instruction properly summarized the evidence submitted at trial. This assignment of error is without merit.

### B

[2] In their second assignment of error, the plaintiffs contend that the trial judge erred in instructing the jury that in order for the last clear chance doctrine to apply, "Charles Buffkin must have had a last clear chance, not a last possible chance." They argue that the trial judge erroneously relied on the caution given in *Hughs v. Gragg*, 62 N.C. App. 116, 302 S.E. 2d 304 (1983) because that case involved a pedestrian struck by a car at night. Although the facts of a case affect the applicability of the doctrine, the facts do not determine its definition. The caution given

by the trial judge was accurate; the last clear chance does not mean a last *possible* chance. This assignment of error is overruled.

## C

[3]   In their third assignment of error, the plaintiffs contend that the trial judge erred in denying their motion to amend their complaint, made at the close of their evidence and at the close of all the evidence, alleging that Lee Brick was negligent directly for failing to warn truck drivers of the danger in riding on forklifts and for not prohibiting drivers from riding. They argue that they were prejudiced by the trial judge's denial of their motion because Williams' contributory negligence would not have been a valid defense to Lee Brick's negligent failure to warn. Assuming, *arguendo*, that Lee Brick had a duty to warn truck drivers of the dangers in riding forklifts, the plaintiffs did not present any evidence that the failure to warn of the danger was the proximate cause of Rafe Williams' injury. Williams testified that he was familiar with the way the forklift operated — the fact that the rear end swung out during a turn. He did not assert that if he had been warned of the danger, then either he would not have ridden on the forklift or that he would not have dismounted in the manner he chose. The motion to amend was properly denied. This assignment of error is overruled.

## D

In their fifth assignment of error, the plaintiffs contend that the trial judge erred by failing to strike Charles Buffkin's answer to a question posed by Lee Brick in which Buffkin estimated the amount of time that passed from the moment Rafe Williams stepped off the forklift and the moment Buffkin struck him. The plaintiffs argue that the response was mere speculation by the witness. We disagree. Buffkin was asked specifically to estimate the elapsed time between the moment he last saw Rafe Williams standing on the running board and the moment he felt a bump which caused him to stop the forklift. He answered that it was "a couple or three seconds, I guess." The witness was asked to make an estimate based on facts he observed. The answer was not speculative. This assignment of error is overruled.

## E

In their eighth assignment of error, the plaintiffs contend that the trial judge erred in denying their motion for a new trial. For the reasons already discussed above when addressing the plaintiffs' previous assignments of error on the issue of liability, the motion for a new trial was properly denied.

## III

In their fourth, sixth, and seventh assignments of error, the plaintiffs contend that the trial judge committed various errors on the issue of damages. Because their claim was barred by Rafe Williams' contributory negligence, we need not and do not address those assignments of error.

We find no error.

Judges EAGLES and COZORT concur.