GOODMAN v. CONNOR

[117 N.C. App. 113 (1994)]

---

ERVIN JAY GOODMAN, Plaintiff v. CARL JOSEPH CONNOR, JR. and MELISSA A. McNEILL, Defendants

No. 9313SC1297

(Filed 15 November 1994)

1. **Evidence and Witnesses § 1981 (NCI4th)— affidavits excluded—information cumulative or irrelevant—exclusion proper**

   The trial court in a personal injury action did not err in excluding affidavits by plaintiff, the investigating officer, and the clerk of court, since plaintiff's affidavit was merely cumulative; the other two affidavits simply stated the offense of which defendant was convicted; and the offense of which defendant was

GOODMAN v. CONNOR

[117 N.C. App. 113 (1994)]

eventually convicted had no bearing on the issue of plaintiff's contributory negligence at the time of the accident.

**Am Jur 2d, Evidence §§ 1324 et seq.**

2. **Automobiles and Other Vehicles § 651 (NCI4th)— intoxicated driver—contributory negligence of plaintiff in riding with defendant**

Evidence in a personal injury action was sufficient to show plaintiff's contributory negligence where it tended to show that plaintiff and defendant were drinking together on the afternoon of the accident; defendant driver's outward appearance clearly indicated that he was appreciably under the influence of some intoxicant; and plaintiff nevertheless choose to ride in the car driven by defendant.

**Am Jur 2d, Automobiles and Highway Traffic § 606.**

**Guest's knowledge that automobile driver has been drinking as precluding recovery, under guest statutes or equivalent common-law rule. 15 ALR2d 1165.**

**Comment Note.—Contributory negligence, assumption of risk or related defenses as available in action based on automobile guest statute or similar common-law rule. 44 ALR2d 1342.**

Appeal by plaintiff from orders entered 30 August and 7 September 1993 by Judge Orlando F. Hudson, Jr. in Columbus County Superior Court. Heard in the Court of Appeals 14 September 1994.

*Williamson and Walton, by Benton H. Walton, III, for plaintiff-appellant.*

*Bailey & Dixon, by Gary S. Parsons and Kenyann G. Brown, for defendants-appellees, and Marshall, Williams, & Gorham, by William Robert Cherry, Jr., for State Farm Mutual Automobile Insurance Company, appearing in the name of defendants-appellees.*

LEWIS, Judge.

On 18 February 1992, plaintiff was injured while riding as a passenger in a truck driven by defendant Connor and owned by defendant McNeill. Plaintiff filed this action seeking money damages for his

GOODMAN v. CONNOR

[117 N.C. App. 113 (1994)]

injuries. The trial court granted summary judgment for defendants on 30 August 1993.

The evidence reveals that plaintiff and defendant had been drinking together on the afternoon of 18 February 1992 when they decided to drive to South Carolina. Plaintiff and defendant disagree as to how much they drank that afternoon. According to plaintiff, they purchased a fifth of bourbon and each had two bourbons and Coke containing one ounce of alcohol each. Defendant, on the other hand, contends that they drank a pint of liquor and then bought a fifth of bourbon and drank it. Plaintiff and defendant then decided to drive to South Carolina to visit two sisters. Defendant lost control when the truck hit water in the road, skidded, and ran into some trees.

On appeal, plaintiff contends genuine issues of material fact exist regarding plaintiff's alleged contributory negligence. Plaintiff also contends the court erred in denying the admission of three affidavits into evidence. We will address the second issue first.

[1] Plaintiff contends the court erred in sustaining defendant's objection to three affidavits submitted by plaintiff: the affidavits of plaintiff, Trooper Jimmy Ray Williams, and Linda Proctor, the clerk of superior court. The trial court upheld defendant's objections to the affidavits on the basis of untimely service. We find it unnecessary to resolve the issue of whether the affidavits were timely served, because we find that their exclusion was not prejudicial to plaintiff's case. The exclusion of affidavits is not prejudicial if they could have no material bearing on any issues or if they could not alter the rights of the parties or affect the result of the proceedings. *See Ziglar v. E.I. DuPont de Nemours & Co.*, 53 N.C. App. 147, 280 S.E.2d 510, *disc. review denied*, 304 N.C. 393, 285 S.E.2d 838 (1981).

Plaintiff himself concedes in his brief to this Court that his own affidavit was merely cumulative and added nothing to the record. The affidavits of Trooper Williams and Linda Proctor only state that defendant was convicted of careless and reckless driving. We believe that the offense of which defendant was eventually convicted has no bearing on the issue of plaintiff's contributory negligence at the time of the accident. We conclude that the exclusion of the affidavits was not prejudicial.

[2] In his other assignment of error plaintiff contends that there are genuine issues of material fact regarding the allegations of his contributory negligence. In cases involving the issue of the contributory

GOODMAN v. CONNOR

[117 N.C. App. 113 (1994)]

negligence of a passenger for agreeing to ride in an automobile oper-ated by an intoxicated person, the elements to be proved are: "(1) the driver was under the influence of an intoxicating beverage; (2) the passenger knew or should have known that the driver was under the influence . . .; and (3) the passenger voluntarily rode with the dri-ver even though the passenger knew or should have known that the driver was under the influence." *Watkins v. Hellings*, 321 N.C. 78, 80, 361 S.E.2d 568, 569 (1987). Plaintiff argues that the question of his contributory negligence should have gone to the jury, because factu-al issues exist as to the condition of defendant Connor at the time of the accident and whether or not plaintiff knew or should have known of Connor's condition.

On a motion for summary judgment we must view the evidence in the light most favorable to the nonmovant. *Marlowe v. Clark*, 112 N.C. App. 181, 435 S.E.2d 354 (1993).

> [O]nce the defending party forecasts evidence which will be avail-able to him at trial and which tends to establish his right to judg-ment as a matter of law, the claimant must present a forecast of the evidence which will be available for presentation at trial and which will tend to support his claim for relief.

*Best v. Perry*, 41 N.C. App. 107, 110, 254 S.E.2d 281, 284 (1979). The claimant's evidence must "do more than raise a suspicion, conjecture, guess, possibility or chance; it must reasonably tend to prove the fact in issue, or reasonably conduce to its conclusion as a fairly logical and legitimate deduction." *Dendy v. Watkins*, 288 N.C. 447, 455, 219 S.E.2d 214, 219 (1975) (citation omitted).

In support of his motion, defendant presented the affidavits of the State Trooper who arrived at the scene of the accident, Jimmy Ray Williams, and a certified toxicological chemist, Dr. Arthur J. McBay. Trooper Williams stated that he "believed immediately" that defend-ant was drinking and noticed an "obvious" odor of alcohol on defend-ant's person. He stated that defendant's eyes were red and glassy and his speech was slurred and mumbled. Trooper Williams concluded that "[b]ased on his observation of [defendant] at the accident scene, it was obvious to him that [defendant] was under the influence of alcohol at the time of the accident."

Four hours after the accident, Connor's breathalyzer test regis-tered between .10 and .11. Dr. McBay stated that Connor's blood-alcohol concentration at the time of the accident would have been

GOODMAN v. CONNOR

[117 N.C. App. 113 (1994)]

between .16 and .17. Based on his experience and expertise, Dr. McBay concluded that "even if [defendant] had been an experienced drinker, with a blood alcohol concentration of 0.16 and 0.17, he would have obviously appeared to be under the influence of alcohol to anyone who observed him." *Cf. Kinney v. Baker*, 82 N.C. App. 126, 130-31, 345 S.E.2d 441, 444 (mere evidence of driver's blood-alcohol level does not establish passenger's knowledge of intoxication), *cert. denied*, 318 N.C. 416, 349 S.E.2d 597 (1986). In addition to evidence of defendant's blood-alcohol level, a toxicological chemist testified that defendant would have appeared drunk to anyone who observed him at the time of the accident and a trooper testified that he did appear intoxicated.

We find that plaintiff has failed to come forward with evidence to support his claim. Plaintiff's own version of the facts clearly shows his contributory negligence. According to plaintiff, he met defendant about 4:30 or 5:00 on the afternoon of 18 February. Neither had had anything to drink before they met that day. They went to the liquor store, purchased a fifth of bourbon, and drove to defendant's house. While at defendant's house they had two drinks each of bourbon and coke; each drink contained about one ounce of liquor. Both plaintiff and defendant had the same amount to drink. After these two drinks, plaintiff and defendant started their drive to South Carolina. In his deposition, plaintiff stated that he was mildly intoxicated when they left for South Carolina. Plaintiff testified that neither he nor defendant had eaten since lunch that day and that he weighed more than defendant.

Plaintiff has not disputed or contradicted either the testimony of Trooper Williams or of Dr. McBay regarding defendant's condition at the time of the accident. *Cf. Kinney*, 82 N.C. App. at 130, 345 S.E.2d at 443-44 (directed verdict inappropriate where contradictory evidence over whether odor of alcohol or appearance of intoxication at time of accident). Plaintiff has come forward with no evidence or testimony indicating that defendant was not intoxicated at the time of the accident. Plaintiff merely argues in his brief that they had consumed an insufficient amount of alcohol to be intoxicated. This contention does not refute the clear evidence of intoxication from Trooper Williams and Dr. McBay. We conclude, therefore, that there is no genuine issue of material fact as to defendant's condition.

We find that the evidence also shows that plaintiff knew or should have known of defendant's condition. Defendant's outward appear-

**IN RE ESTATE OF OWENS**

[117 N.C. App. 118 (1994)]

ance, as described by Trooper Williams, clearly indicated that he was appreciably under the influence of some intoxicant. We note, again, that plaintiff has not contradicted this evidence. Regardless of how much alcohol plaintiff and defendant actually drank, the evidence shows obvious intoxication of the defendant at the scene.

We find no genuine issues of material fact as to plaintiff's contributory negligence, and no prejudicial error in the exclusion of plaintiff's affidavits. We therefore affirm summary judgment in favor of defendant.

Affirmed.

Judges JOHNSON and GREENE concur.