JUDITH COLEMAN, ADMINISTRATOR OF THE ESTATE OF KATHY ANN MUSSO, PLAINTIFF v. WILLIAM WIRT HINES AND HUBERT PALMER HINES, DEFENDANTS

No. COA98-938

(Filed 4 May 1999)

### 1. Negligence— contributory—riding with intoxicated driver—willful and wanton

The trial court erred in action by the estate of an intoxicated passenger against an intoxicated driver and the owner of the vehicle arising from an automobile accident by finding that there were material issues of fact about whether the passenger contributed to her death by willful and wanton conduct. Under the facts of this case, the driver was willfully and wantonly negligent in operating a motor vehicle while under the influence of intoxicating liquor; to the extent that the evidence establishes willful and wanton negligence on the part of the driver, it also establishes a similarly high degree of contributory negligence on the part of the passenger.

### 2. Negligence— last clear chance—riding with intoxicated driver

The doctrine of last clear chance did not apply to an intoxicated passenger riding with an intoxicated driver where the evidence tended to show that the passenger had opportunities to avoid riding with the driver but declined and chose to ride with him. Furthermore, there is nothing in the complaint to put defendants on notice that plaintiff planned to use the last clear chance doctrine.

Appeal by plaintiff and defendant Hubert Palmer Hines from judgment entered 27 April 1998 by Judge Henry V. Barnette, Jr., in Wake County Superior Court. Heard in the Court of Appeals 31 March 1999.

Plaintiff Judith Coleman is the administratrix of the estate of Kathy Ann Musso (Ms. Musso). On 23 April 1994, Ms. Musso was riding as a passenger in a 1980 Jeep vehicle operated by defendant William Wirt Hines (Wirt). Ms. Musso and Wirt were returning from a party in northern Wake County and driving along I-440 when they were involved in an automobile accident. As a result of the accident, Ms. Musso was killed. Plaintiff brings this action to recover damages from Wirt and from his father, Hubert Palmer Hines (Mr. Hines), the owner of the Jeep vehicle, for the death of Ms. Musso.

Both Ms. Musso and Wirt had been drinking alcoholic beverages at the time of the accident. Chemical tests following the accident revealed Ms. Musso's blood-alcohol content to be .16 and Wirt's to be .169. There was evidence that Wirt's blood-alcohol content would have been .184 at the time of the accident. There was also evidence that Wirt had a driving record which included two prior convictions of driving while impaired and another charge of reckless driving, and that his driving privilege had been suspended prior to the date of the accident in question.

Wirt was living with his father, Mr. Hines, and his mother in Wendell at the time of the accident. Mr. Hines denied that Wirt was driving the Jeep automobile with his permission at the time of the accident, and averred that when he learned that Wirt's driving privilege was revoked, he had specifically forbidden his son to operate the Jeep vehicle.

In the criminal trial, Wirt pleaded guilty to manslaughter as a result of the death of Ms. Musso. In the civil trial, the trial court granted Mr. Hines' motion for summary judgment in all respects. Wirt also moved for summary judgment on the grounds that Ms. Musso was contributorily negligent as a matter of law. The trial court granted partial summary judgment in favor of Wirt, finding that there were no material issues about whether Wirt was negligent and Ms. Musso was contributorily negligent, but finding there were material issues about whether Wirt caused the death of Ms. Musso by willful and wanton conduct, and whether Ms. Musso contributed to her death by willful and wanton conduct.

*Charles R. Hassell, Jr., for plaintiff appellant-appellee.*

*Bailey & Dixon, by Gary S. Parsons, for Hubert Palmer Hines, defendant appellant-appellee.*

*Smith Law Offices, P.C., by Robert E. Smith for William Wirt Hines, defendant appellee.*

HORTON, Judge.

[1] Although plaintiff and Mr. Hines raise a variety of issues in their briefs, the central question before this Court is whether Ms. Musso contributed by her own actions to her own death so that plaintiff's claim for wrongful death is barred.

In cases involving the issue of the contributory negligence of a passenger for agreeing to ride in an automobile operated by an

intoxicated person, the elements to be proved are: "(1) the driver was under the influence of an intoxicating beverage; (2) the passenger knew or should have known that the driver was under the influence . . . ; and (3) the passenger voluntarily rode with the driver even though the passenger knew or should have known that the driver was under the influence."

*Goodman v. Connor,* 117 N.C. App. 113, 115-16, 450 S.E.2d 5, 7 (quoting *Watkins v. Hellings,* 321 N.C. 78, 80, 361 S.E.2d 568, 569 (1987)), *disc. review denied,* 338 N.C. 668, 453 S.E.2d 177 (1994). Thus, where a passenger "enters an automobile with knowledge that the driver is under the influence of an intoxicant and voluntarily rides with him, he is guilty of contributory negligence *per se.*" *Davis v. Rigsby,* 261 N.C. 684, 686-87, 136 S.E.2d 33, 35 (1964). Plaintiff contends that there were material questions of fact as to Ms. Musso's knowledge of Wirt's being under the influence of intoxicating liquor, so that the trial court erred in granting summary judgment on the issue of contributory negligence. We disagree.

Evidence forecast by defendants included the following undisputed facts: (1) defendant Wirt Hines was drinking early on the afternoon of the accident when he stopped by to see Ms. Musso at her place of employment at Domino's Pizza; (2) according to Ms. Hansma, Ms. Musso's employer, Ms. Musso knew Wirt was drinking when he stopped by Domino's, and Ms. Musso also stated that they planned to drink that evening on their way to an engagement party, during the party, and following the party; (3) Ms. Hansma begged Ms. Musso not to ride with Wirt that night, and repeatedly offered to pick them up at the party and drive them home, no matter how late they stayed at the party; (4) when Wirt picked up Ms. Musso later that evening, they went to a convenience store and purchased a 12-pack of beer, which they drank in each other's presence over the evening; (5) the only alcohol Wirt drank that evening was consumed in Ms. Musso's presence; (6) at the time of the accident, Wirt's blood-alcohol content was at least .184, more than twice the legal limit, according to the treating physician, Dr. Anderson; and (7) it was obvious to the officer investigating the accident, Officer Melee, who arrived about three minutes after the accident, that Wirt was under the influence of alcohol at the time of the accident.

Although plaintiff argues that there is a question of material fact as to whether Ms. Musso knew or should have known that Wirt was under the influence, that argument does not refute the clear evidence

of Ms. Hansma, Officer Melee, and Dr. Anderson. As a result, we conclude that there is no question of material fact about either Wirt's condition at the time of the accident, nor Ms. Musso's knowledge of his condition. The trial court properly entered summary judgment on the issues of Wirt's negligence and Ms. Musso's contributory negligence.

Plaintiff further contends, however, that even if Ms. Musso was found to be contributorily negligent, Wirt was willfully and wantonly negligent as evidenced by his plea to manslaughter in the death of Ms. Musso, so that contributory negligence on the part of Ms. Musso would not bar plaintiff's claim.

"It is well settled that contributory negligence, even if admitted by the plaintiff, is no defense to willful and wanton injury." *Pearce v. Barham*, 271 N.C. 285, 289, 156 S.E.2d 290, 294 (1967) (quoting *Brendle v. R.R.*, 125 N.C. 474, 478, 34 S.E. 634, 635 (1899)). We agree with plaintiff that under the facts of this case Wirt was willfully and wantonly negligent in operating a motor vehicle while under the influence of intoxicating liquor. Defendants contend, however, that Ms. Musso's own negligence in riding with a person whom she knew to be under the influence of intoxicating liquor rose at least to the same level as that of Wirt, so that a claim for her death is barred as a result. *See Coble v. Knight*, 130 N.C. App. 652, 503 S.E.2d 703, 706 (1998); *Meachum v. Faw*, 112 N.C. App. 489, 494, 436 S.E.2d 141, 144 (1993); and *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 648, 423 S.E.2d 72, 74 (1992).

In *Sorrells*, our Supreme Court reinstated the trial court's dismissal of a Rule 12(b)(6) claim in an action against a dram shop and stated that while they recognized

the viability of the rule [that the defendant's willful or wanton negligence would avoid the bar of ordinary contributory negligence], we do not find it applicable in this case. Instead, we hold that plaintiff's claim is barred as a result of decedent's own actions, as alleged in the complaint, which rise to the same level of negligence as that of defendant. . . . In fact, to the extent the allegations in the complaint establish more than ordinary negligence on the part of defendant, they also establish a similarly high degree of contributory negligence on the part of the decedent. Thus, we conclude that plaintiff cannot prevail.

*Sorrells*, 332 N.C. at 648, 423 S.E.2d at 74.

Likewise, in the present case (heard in the context of a motion for summary judgment), to the extent that the evidence establishes willful and wanton negligence on the part of Wirt, it also establishes a "similarly high degree of contributory negligence on the part of" Ms. Musso. The same point is made in *Coble*, where the decedent and the driver of an automobile had been drinking together for several hours. At one point, the driver locked the keys inside the car and called his father to bring an extra set of keys. The father did so and the young men unlocked the car and drove off, and a tragic accident followed, resulting in the passenger's death. The estate of the passenger sought to recover from the driver's father for negligently entrusting the car keys to the driver. In affirming summary judgment for the father, we held in part:

> Indeed, if, as [decedent's] estate argues, the intoxicated condition of the son was, or at least should have been apparent to his father when he handed the spare keys to his son, then under the facts of this case, the only conclusion to be drawn is that the son's intoxicated state was equally obvious to [decedent] when he got into the vehicle with the son. The record shows that [decedent] and the [son] drank alcoholic beverages for hours prior to stopping at the gas station. Thereafter, they waited together until [the son's] father arrived. These facts show conclusively that [decedent's] negligence in riding with the intoxicated son rose at least to the level of the father's alleged negligence in entrusting the automobile to his son. Such negligence on [decedent's] part, of course, acts as a bar to any claim his estate has against the father's negligence.

*Coble*, 130 N.C. App. at 656, 503 S.E.2d at 706.

We also affirmed this doctrine in *Canady v. McLeod*, 116 N.C. App. 82, 446 S.E.2d 879, *disc. review denied*, 338 N.C. 308, 451 S.E.2d 632 (1994). In that case, a homeowner gave alcohol to the decedent, who was one of a crew working on the homeowner's roof on a cold and windy day in December. Thereafter, decedent fell to his death. A suit for wrongful death was instituted against the homeowner. We held that even if the homeowner's negligence rose to the level of willful and wanton (or, gross) negligence, "the deceased's own negligence in consuming the alcohol while working on a roof rose to the same level of negligence as that of defendant [homeowner] and thus bars plaintiff's claim." *Id.* at 87, 446 S.E.2d at 882.

Applying the logic of the cases cited above, we hold as a matter of law that under the facts of this case, the actions of the decedent, Ms. Musso, rose to the same level of negligence as that of Wirt. Tragically, Ms. Musso consciously assumed the risk of entering a vehicle, and riding as a passenger in that vehicle while it was being driven by a person under the influence of alcohol. She was with the driver, Wirt, when they purchased alcohol and she consumed alcohol along with him at a party. She knew in advance that they planned to consume alcohol and that Wirt intended to drive the vehicle home after drinking alcohol, and yet did not accept her employer's offer to drive them home regardless of the hour of the morning. We know of no principle of logic nor any overriding social policy which would militate in favor of allowing a recovery of damages under these facts.

[2] Finally, we have carefully considered plaintiff's argument that the doctrine of last clear chance would operate to preserve her claim, but find that the doctrine would not apply under the facts of this case. In order to show last clear chance a plaintiff must allege and prove that

> (1) [p]laintiff, by [her] own negligence, placed [herself] in a position of peril from which [she] could not escape; (2) defendant saw, or by the exercise of reasonable care should have seen and understood, the perilous position of plaintiff; (3) defendant had the time and the means to avoid the accident if defendant had seen or discovered plaintiff's perilous position; (4) . . . defendant failed or refused to use every reasonable means at his command to avoid impending injury to plaintiff; and (5) plaintiff was injured as a result of defendant's failure or refusal to avoid impending injury.

*Williams v. Lee Brick and Tile*, 88 N.C. App. 725, 728, 364 S.E.2d 720, 721 (1988). In reviewing the complaint, plaintiff presented no allegations that Ms. Musso had placed herself in a position of peril from which she could not escape. Indeed, evidence from the depositions tends to show that Ms. Musso had opportunities to avoid riding with Wirt, but declined to follow through with them and, instead, chose to ride with him. Furthermore, although pleadings are to be read liberally, *see Anderson v. Town of Andrews*, 127 N.C. App. 599, 604, 492 S.E.2d 385, 388 (1997), there is no indication in the complaint which would put defendants on notice that plaintiff planned to use the last clear chance doctrine.

We reverse the action of the trial court and find that no issues of material fact exist as to whether Wirt was grossly negligent and whether Ms. Musso was grossly contributorily negligent. In all other respects, we affirm the order of the trial court.

Affirmed in part and reversed in part.

Judges LEWIS and TIMMONS-GOODSON concur.