SAM TAYLOR, Plaintiff v. TINA ELIZABETH COATS, Defendant

No. COA06-161

(Filed 7 November 2006)

### 1. Negligence— contributory negligence—summary judgment—sufficiency of evidence—awareness of defendant's impairment at time of accident

The trial court did not err in a negligence case arising out of an automobile accident by granting summary judgment in favor of defendant driver on the issue of contributory negligence even though plaintiff passenger contends defendant failed to offer evidence that plaintiff was aware of defendant's impairment at the time of the accident, because plaintiff knew or should have known that defendant was appreciably impaired at the time of the accident when: (1) plaintiff and defendant had been in the bar together for approximately seven hours; (2) plaintiff knew at the beginning of the evening that defendant was going to consume alcohol since the bartender agreed to take them home so that defendant could drink; (3) defendant blew a .18 on the breathalyzer; (4) an ordinarily prudent man under like or similar circumstances would have smelled alcohol on defendant's breath when he gave her occasional kisses over the course of the evening, and would have known that she was appreciably impaired at the time they left the bar; and (5) plaintiff presented no evidence to contradict defendant's evidence that he knew or should have known that defendant was intoxicated.

### 2. Negligence— proximate cause—summary judgment—impairment

The trial court did not err in a negligence case arising out of an automobile accident by concluding that defendant established as a matter of law that her impairment was a proximate cause of the accident, because: (1) there may be more than one proximate cause of an accident; and (2) even though defendant may have been slightly distracted by an argument between plaintiff and defendant, the evidence shows that defendant's intoxication, and plaintiff's decision to ride with an intoxicated driver, caused plaintiff's injuries.

Appeal by plaintiff from an order entered 4 November 2005 by Judge Ola M. Lewis in Johnston County Superior Court. Heard in the Court of Appeals 20 September 2006.

TAYLOR v. COATS

[180 N.C. App. 210 (2006)]

*Lucas, Denning & Ellerbe, P.A., by Sarah Ellerbe, for plaintiff-appellant.*

*Law Offices of Robert E. Ruegger, by Robert E. Ruegger, for defendant-appellee.*

HUNTER, Judge.

Sam Taylor ("plaintiff") appeals from an order of summary judgment in favor of Tina Elizabeth Coats ("defendant"). Plaintiff contends that summary judgment was improper because there were genuine issues of material fact concerning whether plaintiff was aware that defendant was intoxicated at the time of the accident and whether defendant's intoxication proximately caused the accident. We disagree and therefore affirm the order of the trial court.

On 12 October 2004, plaintiff filed a claim against defendant in Johnston County Superior Court for negligently operating a vehicle in which plaintiff was a passenger. Defendant's answer denied the allegations of plaintiff's complaint and asserted a defense of contributory negligence. Defendant filed a motion for summary judgment on 26 August 2005 and the motion was heard on 26 September 2005.

According to the evidence presented, plaintiff and defendant had been involved in a romantic relationship for eleven months prior to the accident. On 12 September 2003, plaintiff and defendant celebrated plaintiff's birthday at Shooters, a bar in Johnston County, North Carolina. Defendant drove a 1990 Nissan to Shooters and plaintiff rode in the passenger seat. During their relationship, plaintiff never drove because he did not have a driver's license. They arrived at Shooters at approximately 3:00 or 3:30 p.m. They each ate a cheeseburger and began to play pool. Initially, defendant had not planned to consume any alcoholic beverages. However, the bartender, whom defendant had known for eighteen months, offered to drive plaintiff and defendant home that evening and told defendant that she could drink with plaintiff to celebrate his birthday.

Plaintiff's brother arrived at Shooters at approximately 4:00 or 5:00 p.m. Defendant remained at the bar area of Shooters with her friends while plaintiff and his brother played pool. While defendant was at the bar, she paid for her drinks individually. Plaintiff continued to play pool with his brother and friends and maintained a running tab on his drink orders. From approximately 5:30 p.m. until 10:30 p.m., plaintiff and defendant remained in their separate

groups, although plaintiff occasionally kissed or spoke to defendant. These brief moments amounted to approximately one hour in each other's presence.

At approximately 10:00 or 10:30 p.m., plaintiff became angry with defendant because she was talking with another man, so the couple decided to leave Shooters. On the way to defendant's car, the couple decided to spend the night at a hotel across the street from Shooters. Plaintiff voluntarily got into the car. They pulled out of the Shooters's parking lot and stopped at a stoplight. The parties began arguing. Defendant contends that she was paying more attention to the argument than she was to the road. Defendant thought she saw the arrow on the stoplight turn green and proceeded to turn left in front of an oncoming vehicle that collided with her car. As a result of the collision, plaintiff sustained severe head injuries. Defendant testified she now believes the green arrow she saw was the next stoplight. Plaintiff testified that he does not remember anything after they arrived at Shooters on the night of the accident. He testified he only knows what defendant has told him since the accident happened. Neither plaintiff nor defendant could testify with certainty as to how much they had to drink that evening. After the accident, defendant blew .18 on the breathalyzer. Defendant contends that she was less intoxicated than plaintiff, because she was able to walk on her own while plaintiff was stumbling and his speech was incoherent.

Upon reviewing the evidence of record and hearing arguments by counsel, the trial court granted defendant's motion for summary judgment. Plaintiff appeals.

[1] By his first assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of defendant because defendant failed to offer evidence that plaintiff was aware of defendant's impairment at the time of the accident. We do not agree.

On appeal from summary judgment, the applicable standard of review is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. *McGuire v. Draughon*, 170 N.C. App. 422, 424, 612 S.E.2d 428, 430 (2005). The moving party has the burden of showing that no genuine issue of material fact exists. *Id.* The moving party may meet this burden by proving that a necessary element of the claim cannot be met or by proving that the non-moving party cannot overcome an affirmative defense to bar the claim. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). If the

moving party meets its burden, the burden shifts to the non-moving party to establish an issue that should be given to a jury. *McGuire*, 170 N.C. App. at 424, 612 S.E.2d at 430.

A guest in an automobile may assume that the driver will use proper care and caution while operating the vehicle until he has reason to believe otherwise. *Dinkins v. Carlton and Williams v. Carlton*, 255 N.C. 137, 140, 120 S.E.2d 543, 544 (1961). A passenger who rides in a vehicle driven by one whom he knows or should have known to be a careless or reckless driver may be contributorily negligent as a matter of law. *Id.* The elements that must be proven to establish the contributory negligence of a passenger who voluntarily agrees to ride in an automobile driven by an intoxicated driver are: " ' "(1) the driver was under the influence of an intoxicating beverage; (2) the passenger knew or should have known that the driver was under the influence . . . ; and (3) the passenger voluntarily rode with the driver even though the passenger knew or should have known that the driver was under the influence." ' " *Coleman v. Hines*, 133 N.C. App. 147, 149, 515 S.E.2d 57, 59 (1999) (citations omitted). The standard to establish whether a passenger should have known that the driver was under the influence is that of an ordinarily prudent man. If the passenger exercises the degree of care that an ordinarily prudent man under similar circumstances would have used, then his claim will not be barred. *Dinkins*, 255 N.C. at 140, 120 S.E.2d at 544-45.

In the present case, it is undisputed that defendant was intoxicated at the time of the accident and that plaintiff voluntarily rode with defendant. However, plaintiff contends that there is no evidence that he knew or should have known that defendant was unable to safely drive the vehicle. Plaintiff asserts that he could not have known that defendant was impaired because they were not drinking together, nor were they keeping up with how much the other drank. Additionally, plaintiff argues that he trusted defendant's judgment as to whether or not she could drive due to the conversation regarding the driving arrangements they had with the bartender earlier that evening.

In *Goodman v. Conner*, 117 N.C. App. 113, 450 S.E.2d 5 (1994), the plaintiff and the defendant had been consuming alcohol together and subsequently decided to drive to South Carolina. *Id.* at 115, 450 S.E.2d at 6. On the way to South Carolina, the parties had an accident. *Id.* The trooper investigating the scene of the accident testified the defendant was obviously intoxicated because his eyes were red and

glossy, his speech was slurred and mumbled, and the subsequent breathalyzer results were 0.10 and 0.11. *Id.* at 116, 450 S.E.2d at 7. The plaintiff testified that he was mildly intoxicated when he and the defendant left for South Carolina. *Id.* at 117, 450 S.E.2d at 8. The trial court granted summary judgment and this Court affirmed, holding that given the defendant's outward appearance, the plaintiff knew or should have known that the defendant was appreciably impaired at the time of the accident. *Id.* at 118, 450 S.E.2d at 8.

Similarly here, the evidence establishes that plaintiff knew or should have known that defendant was appreciably impaired at the time of the accident. Plaintiff and defendant had been in the bar together for approximately seven hours. Plaintiff knew at the beginning of the evening that defendant was going to consume alcohol because the bartender agreed to take them home so that defendant could drink. Moreover, defendant blew a .18 on the breathalyzer. An ordinarily prudent man under like or similar circumstances would have smelled alcohol on defendant's breath when he gave her occasional kisses over the course of the evening, and would have known that she was appreciably impaired at the time they left the bar. Plaintiff has presented no evidence to contradict defendant's evidence that he knew or should have known that defendant was intoxicated. We find no genuine issues of material fact as to plaintiff's contributory negligence and we therefore overrule this assignment of error.

[2] Plaintiff next contends that defendant failed to establish as a matter of law that defendant's impairment was a proximate cause of the accident. He asserts that even if he was contributorily negligent by getting into a car with an intoxicated driver, defendant has failed to establish that this negligence caused plaintiff's injuries. Plaintiff asserts that it was not defendant's impairment that caused the accident. According to plaintiff, the argument that he and defendant were having caused defendant to become distracted and this distraction caused the accident. Defendant admits that once the couple began arguing, she began to pay more attention to the argument than to the road. Although defendant's actions did not include loss of control of the vehicle, she admitted that the green arrow she saw was the next stoplight and not the stoplight at which she was stopped.

However, there may be more than one proximate cause of an accident. Even though defendant may have been slightly distracted by the argument, the evidence of record shows that defendant's intox-

ication and, therefore, plaintiff's decision to ride with an intoxicated driver, caused plaintiff's injuries. It is common knowledge that the consumption of alcohol affects one's ability to drive. *See, e.g., State v. Purdie*, 93 N.C. App. 269, 377 S.E.2d 789 (1989). The evidence in the present case indicates that defendant was substantially impaired at the time of the accident.

While the argument may have played a slight role in the collision, the evidence showed that defendant's impairment was the primary cause of the accident. We agree with the trial court that there are no genuine issues of material fact regarding the cause of the accident. Accordingly, we affirm the order of the trial court.

Affirmed.

Judges HUDSON and CALABRIA concur.